### Barnes *versus* McCrate.

A witness, testifying in the regular course of legal proceedings, and under the direction of the court, is not liable in an action of slander for the answers he may make to questions put to him by the court or counsel, provided such answers are pertinent and responsive to the questions.

Slander. General issue.

The case was tried before Wells, J.

*The following facts appeared.*

A schooner belonging to the plaintiff, with his goods on board, had been seized by the collector of the port of Wiscasset, for an alleged breach of the revenue laws, and the collector had put the goods into a store.

The Secretary of the Treasury ordered the property to be restored to the plaintiff, upon payment, made by him, of the costs and expenses connected with the seizure. The amount of the costs and expenses was under examination in the District Court of the United States.

The collector had charged $35,50 for the storage of the goods, and he called Mr. McCrate, as a witness, who testified that the store belonged to him; that he had charged the collector $35,50 for the storage; that it was a fair charge under the circumstances, but would be a large one, in common and ordinary cases. He was then asked by the court or by the counsel to give his reasons, why, *in this case*, and *under the circumstances*, more was charged than in common and ordinary cases; and he answered; — " the Messrs. Clark would not store the goods, for fear that Barnes would set their property on fire, and I did not wish to store them, because he might set my buildings on fire again. * * * * He set my building, the custom house, on fire, and he has set fire to two other buildings, and I can prove it."

It was for the uttering of these words, that this suit is brought. A nonsuit was ordered, which is to be taken off, if it was ordered improperly.

*Deblois*, for the plaintiff.

1. The words charged being false, it is no protection to the defendant, that he was a witness testifying on oath. That

Barnes *v.* McCrate.

circumstance aggravated the wrong, by giving more publicity to the slander.

The protection relied upon is contrary to sound sense ; and the defendant must be amenable, unless shielded by authority of decided cases. I submit that the authorities are against such a protection. Those, whose first aspect is against us, are not sustained by the cases on which they were made to rest. Such is the case in 2 Starkie on Ev. 4th part, 874, which purported to decide that the defendant's malice was rebutted by the fact, that he was testifying as a witness. A witness stands on different ground from that of a judge, a party, an attorney, or a master. He has not their exemption, nor does he need it. The protection of masters rests on ground of high public policy ; judges are bound to decide, and when guilt is found, they must declare the guilt ; parties are prone to get inflamed and to speak in extravagant language ; counsel partake largely in the feelings of their clients, and indeed some excitement is often necessary to the rendering of any forcible aids. To words of passion, uttered by a party, and to excited words uttered by counsel in argument, the law must and does furnish protection. But the case of a witness is different. To him, it is peculiarly appropriate, that he be passionless and unmoved. He is to be calm and guarded in every expression. No case can be found, which asserts protection to a witness for slanderous words.

2. The nonsuit was prematurely ordered. The testimony should have gone to the jury, that the plaintiff might have opportunity to prove *express* malice.

The following authorities were relied upon to sustain the above positions. 2 Starkie on Ev. 874, part 4; *Buckley* v. *Wood*, 1 Cro. Eliz. 230—248 ; 2 Institutes, 228 ; 1 Vin. Abr. 387 ; *Weston* v. *Dobniet*, Cro. James, 432 ; *Bradley* v. *Heath*, 12 Pick. 163 ; *Remington* v. *Congdon*, 2 Pick. 310 ; *Hoar* v. *Wood*, 3 Metc. 193 ; *Padmore* v. *Lawrence*, 11 Adol. & Ellis, 380 ; *Hastings* v. *Lusk*, 22 Wend. 410 ; *Ring* v. *Wheeler*, 7 Cowen, 725 ; *Bullock* v. *Koon*, 4 Wend. 531 ; *Commonwealth* v. *Blanding*, 3 Pick. 314 ; *Kendillon* v.

*Maltby*, 1 Carr. & Marshman, 402; *Hodgdon* v. *Scarlett*, 11 Barn. & Ald. 246; *Trotman* v. *Dunn*, 4 Camp. 211; Buller's N. P. 10; *McMillan* v. *Birch*, 1 Bin. 178, note a; *Weatherston* v. *Hawkins*, 1 T. R. 111; *Astley Bart.* v. *Young*, 2 Burr. 810; *Rex* v. *Skinner*, Loft, 55; *Harding* v. *Bullman*, Hutton, 11.

*G. F. Shepley*, for defendant.

The words spoken by the defendant, (for the speaking of which this action is brought,) were spoken by him *as a witness* in the course of a judicial proceeding.

They were "*pertinent*," being direct replies to interrogatories addressed to him as a witness, and which he was *bound* to answer.

The case finds, that he had testified, "that the charge for storage was, under the circumstances, a fair charge." That the court or the counsel then inquired of him *his reasons* for charging said price "for storage, and for saying that it was a fair charge *under the circumstances*."

He did not volunteer these reasons, but gave them as a *direct, pertinent and* unavoidable answer to the inquiries addressed to him, either by the court or by counsel with the sanction of the court.

No action will lie for words used by a party, witness, counsel or judge in the course of judicial proceedings, where the words used are pertinent to the matter, which is the proper subject of inquiry before the court. *Buckley* v. *Wood*, 4 Coke, 14, b.; *Cutler* v. *Dixon*, 3 Stephen's N. P. 2565; *Hodgson* v. *Scarlett*, 1 Holt, 621, & 3 Com. Law, 243; 2 Starkie's Ev. 631; *Arundell* v. *Tregone*, Yelverton, 117.

One element in the action of slander is malice. And it is a rule that the presumption of malice may be repelled by the circumstances. No matter whether the words were true or false, if the inference of malice be overcome.

There can be no action for stating what one is bound to state by his duty to the law or to society. The motive being good and the duty pressing, the ingredient of malice is not to be presumed, nor allowed to be inquired of. The duty of a

witness to speak is more stringent than that of the judge, counsel or party. *He* is bound to answer; *they* may refrain.

Suppose the witness *alone* knew the fact which he testified to, and could, therefore, never prove it. Is it possible he can be made accountable for the statement, especially if, as in this case, it was directly responsive to the question, and strictly pertinent to the issue?

*W. P. Fessenden,* on the same side.

Whether the answer, given by the defendant, was pertinent, is a matter of law for the court, and there was nothing for the jury.

We hold that the answer was calculated to show the item of charge to be a reasonable one, and that, therefore, it was pertinent to the issue.

The question then comes, whether for words so spoken, an action can be maintained. What is the principle involved? It is, that when a person is bound to the performance of an act, the doing of it is justified by the law, irrespective of the question of malice. But where the act is one of imperfect obligation, one which the person is at liberty to do or not to do, it is open to the aggrieved party to establish the imputation of malice. For words which a *party* may speak, he is exempted, because defending his rights, and the implication of malice cannot arise. And his *counsel,* as to the right of speaking, partakes of his client's immunity.

The pertinency of the answer, then, is a bar to this suit. 1 Barn. & Ald. 242.

But the plaintiff insists that the case should have gone to the jury on the question of malice. Yet I think he will not say there was not a *prima facie* exemption; and there was no evidence of malice, beyond the answer itself; nor was there any attempt to introduce any. The nonsuit was, therefore, rightly ordered. This result is indispensable, in order to protect legal proceedings.

*Deblois,* in reply.

The point is, whether we had a right to ask the Judge,

whether we might put to the jury the question of malice. The case was so arranged, as to present the question, whether we could maintain a suit *without proving malice.* The intention was to settle the question whether, *in any case,* such a suit would lie.

The defendant says there is but a single case to be found against a witness. But the reason is, that no such claim of exemption was ever before thought of. He claims an exemption. Let him show some authority for it. Elementary books are not to be relied on, unless sustained by authority. The gentleman's dependence on " pertinency" alone, is a dangerous doctrine. It sanctions all abuse and all malice. Pertinent words may be maliciously spoken. But who is to judge of the " pertinency ?" I submit that such a question is for the jury alone.

To the objection, that the witness might not be able to prove the truth of his answers, we reply that the *onus* of proving the falsity and the malice of them would, in the suit against him, rest upon the plaintiff.

The defendant in this suit, does not deny that his answers were false. If he had denied it, we could not have brought the case here in this form. The malice is thereby admitted. Why then were we precluded, by the nonsuit, from presenting the malice to the jury ?

TENNEY, J., orally. — It is not denied that there is, in some cases, a protection to witnesses for words duly spoken in the course of legal proceedings. Does that protection extend to this witness *under the circumstances ?*

There can be no question that if a witness, taking advantage of his position, and departing from what rightfully pertains to the case, should voluntarily slander one of the parties, he would be liable. But when called upon, in the progress of a cause, and under the rules of the court, and confining himself to that which rightfully pertains to the case, he is not liable for the testimony he may give. To hold otherwise would tend to intimidate a witness and to deter from a disclosure of

the whole truth. He might have no means to prove his statements. He may have been robbed while alone. Should he testify to the fact, in the course of a regular trial of the offender, he would not be liable for his statement. This is a doctrine of the highest legal policy.

A witness is not supposed to know the exact line of proceeding. He is, therefore, under the direction of the court. In this case, a question was duly put to the witness, either by the court or by counsel. And it does not appear that, in his answer, he went beyond the scope of the question. If the question was put by the court, there could be no liability for answering it ; if put by the plaintiff's counsel, the plaintiff can have no ground of complaint that it was answered ; if put by the defendant's counsel, objection should have been made, and, if improper, it would have been excluded.

*Nonsuit confirmed.*