JESSE P. GODETTE v. S. B. GASKILL.

(Filed 22 September, 1909.)

**Witnesses—False Testimony—Damages.**

A witness is not liable for damages for alleged willful and false testimony given by him in a former case, upon the ground that by reason thereof the plaintiff had lost his suit in the former action. Such action would not lie at common law, and there is no statute authorizing it.

APPEAL by plaintiff from *O. H. Allen, J.,* November Term, 1908, of CRAVEN.

*W. D. McIver* and *R. A. Nunn* for appellant.
No counsel *contra.*

CLARK, C. J.    This is an action for damages against the defendant for willful and false testimony as witness in an action formerly tried, which had been brought by the plaintiff against one Bowen, alleging that by reason of such false testimony of the defendant the plaintiff had lost his suit against Bowen.

There is no precedent in this State, but an action on this ground has been brought in other jurisdictions, which have uniformly held that such actions cannot be maintained. It was so held as far back as *Damport v. Sympson,* Cro., Eliz., 220, and *Eyres v. Sedgewick,* Cro., Jac., 160. Subsequently a statute was enacted authorizing such action in certain cases, but even that statute, it seems, is now deemed obsolete in England.

· It was held that such action does not lie. *Dunlap v. Glidden,* 31 Me., 439; *Phelps v. Stearns,* 70 Mass., 106; *Cunningham v. Brown,* 18 Vt., 126; *Bostwick v. Lewis,* 2 Day (Conn.), 456; *Smith v. Lewis,* 3 Johns (N. Y.), 165, 169; *Grove v. Brandenburg,* 7 Blackf. (Ind.), 235. And this is true of subornation of perjury. ·*Taylor v. Bidwell,* 65 Cal., 490; 1 Cyc., 687; 22 A. & E., 698. *Rice v. Coolidge,* 121 Mass., 393, holds that one not a party to the action in which the perjury was committed may maintain an action for tort against one who suborned witnesses to swear falsely in that action, whereby plaintiff's character was defamed.

The authorities above cited rest upon two grounds: (1) There was no precedent for such action, and, indeed, the precedents were against it. (2) It "would overhale," as *Chancellor Kent* says, in 3 Johns, 166, the decision of the former case, to which the plaintiff in the new action had been a party. We think there is a third reason, in that it would multiply and extend litigation if the matter could be re-examined by a new action between a party to the action and a witness therein; and, more than that, witnesses would be intimidated if their testimony is given under liability of themselves being subjected to the expense and annoyance of being sued by any party to the action to whom their testimony might not be agreeable. It would give a great leverage to litigants to intimidate witnesses.

Witnesses who swear falsely are liable to indictment. It is not to be contemplated that grand juries shall willfully and oppressively find indictments; but if a civil action lay in such cases, a litigant smarting under the loss of his suit could subject witnesses to the annoyance and expense of litigation at will. Such action did not lay at common law, and we have no statute authorizing it.

The judgment of nonsuit is
Affirmed.