# Yoder, Appellant, *v.* Cole.

*Trespass—Cause of action—Public policy—Privilege of witnesses.*

1. No civil action for damages can be maintained for alleged false testimony given on the witness stand. Public policy and the safe administration of justice require that witnesses, who are a necessary part of the judicial machinery, be privileged against any restraint excepting that imposed by the penalty for perjury.

*Practice, C. P.—Pleading—Plea in bar treated as a demurrer.*

2. A judgment entered for defendant in his plea in bar, which was treated as a demurrer to plaintiff's statement without objection from the plaintiff, will not be disturbed because the plea was not disposed of according to the usual rules of pleading.

Argued April 19, 1911. Appeal, No. 11, Jan. T., 1911,

by plaintiff, from judgment of C. P. Clearfield Co., Sept.T., 1909, No. 228, for defendant, upon plea in bar in case of W. H. Yoder v. A. L. Cole. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Trespass for damages. Before Holt, P. J.

The cause of action averred by the plaintiff was that the defendant with intent to injure the plaintiff made false answers under oath to interrogatories addressed to himself as garnishee, and later gave false testimony as to the same matters on the witness stand in an action by the plaintiff against a third party. The defendant filed a plea in bar, denying the allegation in plaintiff's statement and also denying that the legal effect of said allegations was to give the plaintiff a right of action.

*Error assigned* was in sustaining defendant's plea in bar.

*W. C. Pentz*, with him *W. L. Calkins*, for appellant.

*Smith V. Wilson*, for appellee, not heard.

Per Curiam, July 6, 1911:

The judgment for the defendant was on his plea in bar of the action. No question was raised to the form of the plea, and it was treated by the court below as a demurrer to the plaintiff's statement. This, so far as we can gather from the record, was done without objection from the plaintiff, and the judgment will, therefore, not be disturbed because the plea was not disposed of according to the usual rules of pleading.

No precedent can be found for the action brought by the appellant, and the authorities are uniform in holding that it cannot be maintained, many of which are to be found in the opinion of the Supreme Court of North Carolina. in Godette v. Gaskill and the notes to said case, 24 L. R. A. (N. S.), 265. "It would multiply and extend litigation if the matter could be re-examined by a new

action between a party to the action and a witness therein; and, more than that, witnesses would be intimidated if their testimony is given under liability of themselves being subjected to the expense and annoyance of being sued by any party to the action to whom their testimony might not be agreeable. It would give a great leverage to litigants to intimidate witnesses:" CLARK, C. J., in Godette v. Gaskill, supra. "Public policy and the safe administration of justice require that witnesses, who are a necessary part of the judicial machinery, be privileged against any restraint, excepting that imposed by the penalty for perjury:" Stevens v. Rowe, 59 N. H. 578.

Judgment affirmed.