SOL KANTOR, PLAINTIFF-APPELLANT, v. HENRY B. KESS-
LER ET AL, DEFENDANTS-RESPONDENTS.

Argued October 20, 1944—Decided January 4, 1945.

For the plaintiff-appellant, *Sol Kantor, pro se.*

For the defendant-respondent, *Kessler & Kessler* (*Henry B. Kessler*) and *William L. Vieser.*

The opinion of the court was delivered by

DONGES, J. This appeal is from a judgment of the Supreme Court following the entry of an order by Judge Oliphant, sitting in the Middlesex Circuit, striking plaintiff's complaint on the ground that it fails to set forth a legal cause of action and that it constitutes a collateral attack upon a decree of the Court of Chancery of New Jersey entered in a certain cause wherein Carolyn Kantor was petitioner and the plaintiff herein was defendant.

In his complaint plaintiff-appellant seeks damages against the defendants-respondents for conspiring to give false testimony and for falsely testifying in said action brought by Carolyn Kantor against appellant, alleging that, by reason of such false testimony, the marriage between plaintiff-appellant and said Carolyn Kantor was dissolved.

There is no precedent in this state, but it has been uniformly held in other jurisdictions that such actions cannot be maintained. 12 *A. L. R.* 1264; 48 *C. J.* 918; 34 *C. J.* 566; 41 *Am. Jur.* 44; *Shultz* v. *Shultz, 36 N. E. Rep.* 126.

In *Godette* v. *Gaskill, 65 S. E. Rep.* 612; 24 *L. R. A.* (*N. S.*) 265, the controlling reasons are well stated, citing authorities, as fellows:

"(1) There was no precedent for such action, and, indeed, the precedents were against it. (2) It 'would overhale,' as Chancellor Kent says, in *Smith* v. *Lewis, 3 Johns.* 166; 3 *Am. Dec.* 469, the decision of the former case to which the plaintiff in the new action had been a party. We think there is a third reason, in that it would multiply and extend litigation if the matter could be re-examined by a new action between a party to the action and a witness therein; and, more than that, witnesses would be intimidated if their testimony is given under liability of themselves being subjected to the expense and annoyance of being sued by any party to the action to whom their testimony might not be agreeable. It would give a great leverage to litigants to intimidate witnesses.

"Witnesses who swear falsely are liable to indictment. It is not to be contemplated that grand juries shall willfully and oppressively find indictments; but, if a civil action lay in such cases, a litigant, smarting under the loss of his suit, could subject witnesses to the annoyance and expense of litigation at will. Such action did not lie at common law, and we have no statute authorizing it."

In *Stevens* v. *Rowe, 59 N. H.* 578; 47 *Am. Rep.* 231, it was said:

"Public policy, and the safe administration of justice, require that witnesses, who are a necessary part of the judicial machinery, be privileged against any restraint, excepting that imposed by the penalty for perjury."

In *Smith* v. *Lewis, 3 Johns.* 157 (at *p.* 168), Chancellor Kent, then Chief Justice, said:

"It would be against public policy and convenience, it would be productive of endless litigation, and it would be contrary to established precedent, to allow the losing party

to try the cause over again in a counter-suit, because he was not prepared to meet his adversary at the trial of the first suit. The general law of the land, and the rules of every superior court of competent jurisdiction, sufficiently provide against forcing a party to trial, without giving him a due opportunity to prepare for his defense, and cases of surprise and injustice are generally redressed by the discretionary power of the courts in setting aside verdicts. We are to intend that the judgment in Connecticut was fairly obtained in the regular course of justice, and it is conclusive, as to the subject-matter of it, until it be set aside or reversed, either by the same court or by some other court having appellate jurisdiction. It never can be opened in a collateral action."

*Cf. Arcuri v. Arcuri*, 265 *N. Y.* 358; 193 *N. E. Rep.* 174; *Shultz* v. *Shultz et al.*, 136 *Ind.* 323; 36 *N. E. Rep.* 126.

We conclude, therefore, that in the situation presented in this case there is no precedent for the action instituted by the plaintiff, that such an action is against public policy and the complaint was properly struck.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—None.