WAYNE H. BREWER v. CAROLINA COACH COMPANY, W. K. RICH-ARDS, O. O. BARNES. AND AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, LOCAL DIVISION 1437, AND G. N. GREEN.

(Filed 2 November, 1960.)

**1. Pleadings § 34—**

Allegations setting forth matters irrelevant to the controversy and allegations containing wholly evidential matter are properly stricken upon motion aptly made. G.S. 1-153.

**2. Perjury § 6—**

Demurrer is properly sustained to a complaint alleging that defendant

procured false testimony in an arbitration proceeding which resulted in an award sustaining the action of the defendant employer in discharging plaintiff, since, apart from defamation and malicious prosecution, no right to maintain a civil action for perjury or subornation of perjury exists.

APPEAL by plaintiff from *Craven, Special Judge,* 14 March 1960 Special Civil Term, of MECKLENBURG.

This is a civil action brought by the plaintiff to compel the defendant Carolina Coach Company, hereinafter referred to as Coach Company, to reinstate him to his former position as one of its drivers, to award him a sum of money equal to the salary he would have received had he not been dismissed, and for personal damages in the sum of $25,000, allegedly resulting from the giving of false and perjured testimony which the defendants conspired to procure and allegedly did procure by the intimidation of material witnesses by the defendants.

On 19 January 1955, the plaintiff was involved in a highway accident while driving a bus of the defendant Coach Company. The accident involved the bus driven by the plaintiff and another bus of the defendant Coach Company while being driven in an opposite direction by Arthur Gammon, another one of the defendant Coach Company's drivers. After an investigation, the Coach Company on 8 February 1955 discharged the plaintiff from employment on the ground that he had acted negligently and in serious dereliction of duties prescribed by its Rule Book for Bus Operators, including failure to stop after an accident. Plaintiff contested his discharge and the matter proceeded to arbitration in accordance with the terms and provisions of the collective bargaining agreement existing between the Coach Company and the defendant Union, of which the plaintiff was a member.

At the arbitration hearing on 29 June 1955, the plaintiff was represented by experienced attorneys. The plaintiff testified at the hearing, which consumed a full day, presented evidence in his own behalf, and through his counsel cross-examined the witnesses for the Coach Company. Thereafter, briefs were submitted by counsel for the respective parties to the chairman of the arbitration panel, and on 9 July 1955 a formal award was issued which sustained the action of the Coach Company in discharging the plaintiff. It does not appear from the record that any motion was made by the plaintiff to vacate, modify or correct the award within the time provided in G.S. 1-561 on the grounds set forth in G.S. 1-559.

On 6 February 1958, just two days prior to the expiration of three

years from the date of his discharge, the plaintiff instituted this action and applied for a twenty-day extension of time to file a complaint. On 24 February 1958, the plaintiff filed his complaint. Prior to the expiration of time to file answer, the defendant Coach Company and the defendant Union moved in separate motions to strike a substantial number of paragraphs from the complaint. Pursuant to these motions, Sharp, J., heard the matter and allowed the motions striking out each of the following paragraphs of the complaint: 3-A, 4, 5, 6, 8, 11, 12, 13, 14, 16, 18, 19, 20, 22, 26 and 27. The court further struck out portions of paragraphs 7, 9, 10, 17, 21, 23, 25 and 28. The plaintiff made no motion to amend his complaint and excepted only to the order striking the paragraphs or portions thereof referred to above.

The defendants Coach Company and Richard Barnes filed answer and the defendant Union and G. N. Green filed a separate answer. Both answers were to the complaint as stricken.

When the matter came on for hearing at the 14 March 1960 Special Civil Term of Mecklenburg County, the defendants demurred *ore tenus* to the complaint on the ground that no cause of action was stated. The demurrer was sustained and the action dismissed. The plaintiff appeals, assigning error.

*Brock Barkley for plaintiff.*

*James K. Dorsett, Jr., and Armistead J. Maupin for defendants Coach Company, W. K. Richards and O. O. Barnes.*

*William Joslin for defendants Union and G. N. Green.*

DENNY, J. A careful examination and consideration of the appellant's assignments of error based on exceptions to the orders of the court below, striking the paragraphs of the complaint and portions of other paragraphs thereof referred to hereinabove, leads us to the conclusion that these orders should be sustained.

The complaint as originally drafted and filed contains 48 paragraphs, including sub-paragraphs, and covers 16 pages of the record. The portions of the complaint which were stricken contain numerous allegations which set forth matters foreign and immaterial to the controversy, or are wholly evidential — allegations which are not essential to a statement of the plaintiff's cause of action, if indeed he has one. Furthermore, the original complaint filed in this action does not meet the requirements of good pleading within the purview of G.S. 1-122, as interpreted and applied by the decisions of this Court. *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d

660; *Council v. Dickerson's Inc.*, 233 N.C. 472, 64 S.E. 2d 551; *Hawkins v. Moss*, 222 N.C. 95, 21 S.E. 2d 873. Moreover, the motions to strike were made in apt time as required by G.S. 1-153.

In fairness to the appellant's present counsel, it appears from the record that he did not draft the original complaint or appear for the appellant in the proceedings before the Board of Arbitration. These assignments of error, however, are overruled.

As we construe the complaint in this action, it purports to be an action for damages, allegedly resulting from the giving of false and perjured testimony, which testimony it is alleged was procured by the intimidation of material witnesses by the defendants.

The gravamen of the plaintiff's complaint is that "the Board of Arbitration was completely persuaded by the Gammon report (the report of the driver of the defendant Coach Company's other bus that was involved in the accident), which report definitely declared the * * * accident to have happened on the straightway and not on the curve (as this plaintiff stated in his report)."

In paragraph 24 of the plaintiff's complaint he alleges that "the defendant company through its Supervisor Richards and its safety inspector Barnes called in Gammon to further confirm the false report by having Gammon pin-point the point of impact * * * as having happened on the straightway and not on the curve and other false details of the accident conforming to their scheme; that it was upon these facts synthetically created and nurtured by Barnes, Richards and Green, with the cooperation of Gammon, that the Board of Arbitration found in favor of the defendant company and upheld the defendant company's action in its dismissal of this plaintiff."

We note, however, in the opinion and award of the Board of Arbitration, which the plaintiff included in his case on appeal, the opinion states: "On cross-examination Brewer said also that the accident occurred at a place where the road was straight and level. Earlier he had stated that it occurred on a curve in the road. Brewer was unable to remember some of the things he had made (stated) in signed accident reports made for his Company. He said they had been dictated by him and not read before signed."

Perjury and subornation of perjury are criminal offenses, subject to punishment prescribed by G.S. 14-209 and G.S. 14-210. However, it seems to be the general rule that a civil action in tort cannot be maintained upon the ground that a defendant gave false testimony or procured other persons to give false or perjured testimony.

In 12 A.L.R., Anno: — Testimony — Civil Action for Damages,

at page 1264, cases from eleven states are collected, including North Carolina, in support of the following statement. "Aside from defamation and malicious prosecution, the courts refuse to recognize any injury from false testimony, on which a civil action for damages can be maintained. * * * no action for damages lies for false testimony in a civil suit, whereby the plaintiff fails to recover a judgment, or a judgment is rendered against him."

The North Carolina case cited above in A.L.R. is *Godette v. Gaskill*, 151 N.C. 52, 65 S.E. 612, 24 L.R.A. (N.S.) 265, 134 Am. St. Rep. 964. This was an action against the defendant for wilful and false testimony as a witness in an action formerly tried, which had been brought by the plaintiff against one Bowen, alleging that by reason of such false testimony of the defendant the plaintiff had lost his suit against Bowen. This Court, speaking through *Clark, C. J.*, said: "There is no precedent in this State, but an action on this ground has been brought in other jurisdictions, which have uniformly held that such actions cannot be maintained. * * *

"The authorities * * * rest upon two grounds: (1) There was no precedent for such action * * *. (2) It 'would overhale' as Chancellor Kent says, in (*Smith v. Lewis*) 3 Johns. (N.Y.), 166, the decision of the former case, to which the plaintiff in the new action had been a party. We think there is a third reason, in that it would multiply and extend litigation if the matter could be re-examined by a new action between a party to the action and a witness therein; and, more than that, witnesses would be intimidated if their testimony is given under liability of themselves being subjected to the expense and annoyance of being sued by any party to the action to whom their testimony might not be agreeable. It would give a great leverage to litigants to intimidate witnesses.

" * * * Such action did not lie at common law, and we have no statute authorizing it."

It is said in 41 Am. Jur., Perjury, section 81, page 44: "Ordinarily, aside from defamation and malicious prosecution, the courts will not recognize any injury from false testimony upon which a civil action for damages can be maintained. * * *" And in Section 82 of this same authority, at page 45, it is said: "Ordinarily, the fact that a defendant has suborned a witness to give false testimony in a civil suit, whereby the plaintiff has failed to recover a judgment, or a judgment has been rendered against him, does not constitute ground for the recovery of damages. * * * The rule, however, appears to be otherwise with respect to an action for subornation of a

witness to defame the character of one not a party to the action and the latter has been held to be entitled to recovery for such subornation."

In 70 C.J.S., Perjury, section 92, page 559, we find this statement: "The general rule, in the absence of statute, is that no action lies to recover damages caused by perjury, false swearing, subornation of perjury, or an attempt to suborn perjury, whether committed in the course of, or in connection with, a civil action or suit, criminal prosecution or other proceeding, and whether the perjurer was a party to, or a witness in, the action or proceeding." For additional authorities see 54 A.L.R. 2d, Anno: — Testimony — Civil Action for Damages, at page 1317.

The judgment of the court below in sustaining the demurrer *ore tenus* and dismissing this action will be upheld.

Affirmed.