**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CRAIG NEON, INC., an Oklahoma
Corporation,

        Plaintiff-Appellant,

v.

TRENT MCKENZIE, NEW RAPID
OF KANSAS, LLC, a Kansas LLC;
NEW RAPID OF OKLAHOMA, LLC,
a Kansas LLC,

        Defendants-Appellees.

Nos. 00-5069 & 00-5087
(D.C. No. 99-CV-63-B)
(N.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

The parties to this case each appeal rulings of the district court entered during the course of a jury trial. Plaintiff challenges the district court's decision not to instruct the jury that it could award damages for unjust enrichment. For their cross appeal, defendants claim that plaintiff's fraud-and-deceit claim was preempted by the Oklahoma Uniform Trade Secrets Act (UTSA) and that fraud was not proved by the appropriate legal standard. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

At defendants' request, plaintiff prepared sketches and a model for new signs for defendants' automobile repair business locations as part of an offer to replace all the signs at the businesses. The plans were presented at a meeting between the parties. Although the testimony was conflicting, according to plaintiff's president, he insisted that the plans remain confidential, and defendants' representatives agreed to keep them confidential. Thereafter, defendants used plaintiff's plans to hire another company to construct new signs for its business outlets. Plaintiff sued, claiming defendants had violated the UTSA and had committed fraud and deceit when they failed to keep its plans confidential. Following a trial, a jury returned a verdict in favor of plaintiff on only its fraud-and-deceit claim, and awarded damages of $75,000. The district

-2-

court refused to give plaintiff's proffered instruction on unjust enrichment. The jury made specific findings against plaintiff on its UTSA claim and its request for punitive damages. The district court entered judgment on the jury's verdict and denied defendants' motion for judgment as a matter of law on their argument that the UTSA preempted plaintiff's fraud-and-deceit claim. This appeal and cross appeal followed.

The district court's decision whether to give a particular jury instruction is reviewed for abuse of discretion. *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1212 (10th Cir. 2001). "We review *de novo* the instructions in their entirety, however, to determine whether the jury was misled. Reversal is appropriate only if there was prejudicial error." *Id.* (citation omitted). We review de novo an order denying a party's request for a judgment as a matter of law, and will "upset the jury's conclusion only if the evidence points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." *Webb v. ABF Freight Sys., Inc.*, 155 F.3d 1230, 1238 (10th Cir. 1998) (quotation omitted). There is no dispute that Oklahoma substantive law controls. In this case based on diversity, we must reach the same conclusion the State's highest court would reach. *See Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998). In applying Oklahoma law, we afford no deference to the district court's legal rulings. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238-40 (1991).

We first address plaintiff's claim that the district court erred in refusing to instruct the jury that it could award damages for unjust enrichment. Okla. Stat. tit. 76, § 2 provides damages for deceit as follows: "One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." *See also Cooper v. Parker-Hughey*, 894 P. 2d 1096, 1100 (Okla. 1995) ("The tort of fraud or deceit provides a remedy to a person who suffers damages due to his reliance upon another's willful misstatement of fact."). Under Oklahoma law, if a statute's language "is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and no further construction is required or permitted." *Sullins v. Am. Med. Response of Okla., Inc.*, 23 P.3d 259, 263 (Okla. 2001).

The evidence showed that plaintiff created the new sign designs in anticipation of being hired to replace the signs at defendants' business outlets. A favorable outcome of negotiations with defendants would have been a profit for replacing the signs. Under the circumstances, plaintiff was entitled to compensatory damages only, as provided by Okla. Stat. tit. 76, § 2. Accordingly, the district court did not abuse its discretion in refusing to instruct on unjust enrichment and the jury instructions as a whole did not mislead the jury. We need not address plaintiff's argument on the issues appropriate for a remand because we determine a remand is not warranted.

For their cross appeal, defendants first argue that the UTSA preempts plaintiff's claim for fraud and deceit. The UTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret, [but] does not affect . . . other civil remedies that are not based upon misappropriation of a trade secret." Okla. Stat. tit. 78, § 92(A) & (B)(2). The Oklahoma courts have not announced a case involving preemption of a claim of fraud and deceit by the UTSA. Other jurisdictions have addressed similar questions based on the same statutory language, but the holdings are not uniform. *Cf. On-Line Techs. v. Perkin Elmer Corp.*, 141 F. Supp. 2d 246, 258-60 (D. Conn. 2001) (holding unjust enrichment claim preempted by state uniform trade secrets act, but not addressing whether fraud claim also preempted; fraud allegations sufficient to withstand dismissal); *Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 132 F. Supp. 2d 643, 648-49 (N.D. Ill. 2001) (holding claim for tortious interference with contract, based "squarely on a misappropriation of trade secrets," preempted by state uniform trade secrets act); *Powell Prods., Inc. v. Marks*, 948 F. Supp. 1469, 1474-75 (D. Colo. 1996) (declining to apply blanket preemption to all claims arising from circumstances involving information plaintiff claims is trade secret; holding conversion claim partly preempted).

As the district court noted, and the parties do not dispute, the elements for a UTSA claim differ from those for a claim of fraud and deceit. There is also no real dispute that plaintiff's fraud-and-deceit claim could stand alone even without proving that the sign plans were a trade secret. *Cf. Powell Prods., Inc.*, 948 F. Supp. at 1474 ("Often, a plaintiff will be able to state claims that do not depend upon the information in question qualifying as trade secrets."). Plaintiff's fraud claim alleged that defendants used its plans after promising not to do so and, further, that plaintiff's president would not have left the sketches and model with defendants unless they promised not to reveal them to anyone else. Plaintiff further alleged that at the time defendants kept the sketches and model, they intended to show them to others to solicit bids for making signs based on plaintiff's plans. Plaintiff's fraud-and-deceit claim does not depend on a finding that the sign plans were a trade secret. The Oklahoma UTSA does not apply to "civil remedies that are not based upon misappropriation of a trade secret." Okla. Stat. tit. 78, § 92. Consequently, we conclude that the fraud-and-deceit claim is not preempted by the UTSA.

Defendants also claim that the evidence of fraud and deceit was not clear and convincing, as required by Oklahoma law. Defendants do not allege that the jury instructions failed properly to instruct the jury on this point. Rather, they ask this court to reevaluate the witnesses' testimony. "The jury . . . has the exclusive

function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) (quotation omitted). Upon consideration of the evidence and the inferences to be drawn from it, we determine that substantial evidence supports the jury's verdict on the fraud-and-deceit claim. *See id.*

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge