HAMMETT v. HUNTER.

No. 30151. Sept. 9, 1941.

Rehearing Denied Oct. 7, 1941.

*117 P. 2d 511.*

Paul W. Updegraff, of Norman, and C. T. O'Neal, of Lawton, for plaintiff in error.

John F. Thomas, of Lawton, for defendant in error.

GIBSON, J. Plaintiff below appeals from the judgment of the district court rendered on a directed verdict for defendant in an action for slander.

The defense was that the alleged defamatory utterance was made by defendant while testifying in his own behalf in a judicial proceeding had subsequent to judgment in a divorce action wherein he was defendant, and was made not only in response to a question by counsel on cross-examination but was pertinent to the issue then being tried, and that the same was therefore a privileged statement for which he may not be held liable in a civil action for slander.

The evidence shows that the statement in question was made by defendant as a witness in a controversy involving the custody of his child after it had been awarded to its mother, Bertha Hunter, in an action for divorce and alimony instituted by the said Bertha Hunter against the defendant. Subsequent to the decree of divorce and alimony, the plaintiff in said cause moved against the defendant by way of citation for failure to make the alimony payments. Thereupon defendant prepared and served on the plaintiff therein an application asking the court to modify the former decree and to award him custody of the child. This application did not bear the filing mark of the court clerk, but by agreement the citation and the application were consolidated and presented for hearing at the same time.

The application charged that the plaintiff in the divorce action for various alleged reasons was an unsuitable person to care for the child and that she often allowed it to remain in the custody of strangers for days at a time while she was away from home. It developed at the hearing that the plaintiff therein on numerous occasions allowed the child to remain for days in the custody of the present plaintiff, her sister. Counsel for the wife, referring to the plaintiff herein, asked the defendant the following question: "Isn't her sister, Mrs. Hammett, a proper person to leave the child with when she would be away?" And defendant answered, "No, sir. She is a sex degenerate." That answer forms the basis of this action.

Slander is defined by our statute as "a false and unprivileged publication, other than libel," of a defamatory nature as specified therein. Section 725, O. S. 1931, 12 Okla. Stat. Ann. § 1442. And section 726, O. S. 1931, 12 Okla. Stat. Ann. § 1443, provides as follows:

"A privileged publication or communication is one made:

"First. In any legislative or judicial proceeding or any other proceeding authorized by law; . . ."

According to the language employed in section 725, above, any defamatory communication, in order to be actionable as slander, must be both false and unprivileged. It would appear that if the communication is privileged as defined in section 726, the action cannot be maintained. In construing that section, which was section 4958, R. L. 1910, the court, in German-American Ins. Co. v. Huntley, 62 Okla. 39, 161 P. 815, held as follows:

"By section 4958, Rev. Laws 1910, two classes of privileged publications are recognized:

"(1) Those where the occasions designated, regardless of malice, consti-

tute an absolute privilege and preclude recovery of damages; and (2) those in which the circumstances of the defamatory publication, together with the testimony, rebut the presumption of malice, and afford a qualified privilege."

(To the same effect, see Sanford v. Howard, 185 Okla. 660, 95 P. 2d 644.)

The above holding expresses the general rule. There are, as stated, two classes of privileged communications; and there is no civil liability in either case. An absolutely privileged communication is defined as words spoken by a party or a witness in due course of a judicial proceeding or any other proceeding authorized by law that are connected with, relevant, pertinent, or material to the subject of inquiry; and such communication will in no event support an action for slander. 36 C. J. 1251, § 225; Sanford v. Howard, supra. In the text last cited we find the following statement:

"In the United States, according to the weight of authority, in order that defamatory words, published by parties, counsel, or witnesses, in the due course of a judicial procedure, may be absolutely privileged, they must be connected with, or relevant or material to, the cause in hand or subject of inquiry. If they are so published and are so relevant or pertinent to the subject of inquiry, no action will lie therefor, however false or malicious they may in fact be."

A conditional or qualified privileged communication is defined in Bland v. Lawyer-Cuff Co., 72 Okla. 128, 178 P. 885, as "one made in good faith upon any subject matter in which the party communicating has an interest, or in reference to which he has or honestly believes he has a duty to perform, and which, without the occasion upon which it is made, would be defamatory and actionable." In such case the statutory presumption of malice does not accompany the publication of the defamatory communication, but the burden is on plaintiff in a civil action to establish malice. 36 C. J. 1221, § 168; 36 C. J. 1241, § 205.

However, a defamatory statement which is pertinent to the subject of inquiry and made by a party or witness in a legal proceeding as defined by the statute, above, is an absolute privilege, whether the statement is of self-interest or not, and regardless of malice. Such a statement is distinguished from a conditional or qualified privileged communication merely by its being connected with, relevant, pertinent, or material to the subject of inquiry in a legal proceeding authorized by law. The immunity from civil liability in such case is grounded on the familiar rule of public policy. 36 C. J. 1239, § 204.

Plaintiff's contention is that the hearing wherein the defamatory statement was made by defendant was not a judicial or other proceeding authorized by law, and therefore no subject of inquiry was actually before the court to which the statement could be pertinent, thus depriving said statement of the character of an absolutely privileged communication. This contention is based on the fact that the defendant's application for custody of the child failed to bear the filing stamp of the court clerk.

Plaintiff takes the position that a written application or pleading of some sort, duly filed, is necessary to invoke the jurisdiction of the court in such case, and that the failure of defendant to file his application left the court without jurisdiction to hear and determine the matter. Statutes and certain decisions concerning the necessity or propriety of filing written pleadings in given cases are cited, but none is controlling or in point.

The court's jurisdiction of children involved in a divorce action is continuing and its decrees with reference to their custody are subject to modification at any time (sec. 671, O. S. 1931, 12 Okla. Stat. Ann. § 1277). Therefore, no written application to modify the decree in this respect is necessary to the court's jurisdiction. We do not say that the trial court in the interest of uniform procedure may not require the filing of such applications as a con-

dition to judicial action, but we are aware of no reason why the parties may not by agreement, and by sanction of the court, present the matter of the children's welfare to the court without actually filing written motions or pleadings. That was the situation here. The proceeding was one authorized by law, and therefore one wherein the parties and witnesses were protected in their relevant statements by absolute privilege.

Plaintiff says further that the defamatory statement was purely voluntary, not made in response to the question, nor pertinent to the issue, and made solely for the defendant's own financial interest, all of which would deprive it of its privileged character. But these elements do not enter into the case if defendant's statement was relevant, pertinent, or material to the subject of inquiry, the proper care of the child. Neither malice nor design nor improper response will alter the character of an absolutely privileged communication. The rule is well stated in Weil v. Lynds, 105 Kan. 440, 185 P. 51, as follows:

"Where a witness while on the stand makes a 'voluntary statement'—one not given in reply to a question asked him —he is entitled to absolute privilege with respect to it, and regardless of his motive cannot be held to answer for it in an action for slander, if in fact it is pertinent to the issue being tried; otherwise he enjoys but a qualified privilege, depending upon whether or not he acted in good faith and believed the statement to be pertinent as well as true."

The defamatory statement here under consideration was pertinent to the issue before the court. Proper care of defendant's child was the subject of inquiry. The evidence disclosed that the mother often placed the child in the care of this plaintiff. The statement that the plaintiff was a sex degenerate was pertinent to the subject of inquiry. The relevancy thereof is too apparent to warrant further discussion. The truthfulness of the statement, the motive therefor, and malice and bad faith are elements of no concern in such case.

There was no factual dispute as to the circumstances under which the publication was made. It was therefore a legal question for the court to determine whether the occasion was such as to bring the defamatory statement within the protection of absolute privilege. It was so held in Bland v. Lawyer-Cuff Co., supra, with reference to a conditional or qualified privileged communication. The rule will apply as well in case of absolute privilege. The trial court had before it the facts concerning the nature of the proceeding, the relation of the defendant thereto, and the defamatory statement made, and the circumstances under which it was uttered. In such case it is the court's duty to say as a matter of law whether the communication was an absolute privileged one. The court in this case did not err in its decision in this regard. A directed verdict for defendant was proper.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN and DAVISON, JJ., concur.