**Michael L. MEISTRELL, M.D., Appellant,**

v.

**Jasper L. McPHAIL, M.D., Appellee.**

**No. 69941.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 26, 1989.

Rehearing Denied Nov. 21, 1989.

Certiorari Denied Feb. 20, 1990.

David O. Harris, Tulsa, for appellant.

John H.T. Sheridan, Joseph A. Sharp, Joseph M. Best, Tulsa, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

This is an appeal from an order of the district court sustaining Defendant's motion for summary judgment and dismissing Plaintiff's action seeking damages for libel. An examination of the record and the materials submitted to the trial court for decision on Defendant's motion for summary judgment show no controversy of any material facts. We affirm.

Both parties are cardiothoracic surgeons. When Plaintiff moved to Tulsa in 1982, he was granted provisional staff privileges at St. John Medical Center. In December of that year, as a result of several incidents, his privileges were suspended.

Defendant was a member of the Credentials Committee of the cardiovascular section of St. John's. In 1983 that committee reinstated Plaintiff, conditioned upon Defendant's supervising Plaintiff's open heart surgeries. This restriction continued until Plaintiff left the staff in the fall of 1986. Both parties also maintained staff privileges at the City of Faith Medical and Research Center where Defendant was chairman of the Surgery Department.

In November of 1985, Defendant received a communication from the medical director of St. John's requesting Defendant to evaluate Plaintiff pursuant to Plaintiff's reappointment to the staff. Defendant responded that Plaintiff's performance in cardiothoracic surgery was not satisfactory due to visual problems. He also stated he did not think "it is safe or fair to the patient or the institution to continue his operating privileges." The credentials committee voted not to renew Plaintiff's surgical privileges.

Plaintiff brought the present action accusing Defendant of libel, and malicious and unjustified interference with his contractual relationship. In his appeal Plaintiff does not claim there is any dispute as to the facts. He argues error of the trial court in sustaining Defendant's motion for summary judgment citing general law and definitions of libel. Defendant answers contending the communication was privileged.

 Where there is no dispute as to what the allegedly libelous publication was, what it was about, and who made it—or where the language in the publication is plain and unambiguous, it is a question of law for the court to determine whether such publication was privileged. *Crittendon v. Combined Communications Corporation*, 714 P.2d 1026 (Okla.1985).

In effect at the time this action was filed was a statute dealing with similar situations, Title 76 O.S.1981 § 16 provides:

*No member of a peer review committee, professional standard review committee, or utilization committee which is duly constituted by any voluntary dental or medical society, chiropractic society, osteopathic society, veterinary society, optometric society or association which is affiliated with the American Dental Association, American Medical Association, a national chiropractic association, American Osteopathic Association, American Optometric Association and the American Veterinary Medical Association or any committee or society or association thereof, whose function is to review complaints concerning services, fee, payments, or utilization in the best interest of the public, shall be deemed liable in damages to any person for any action taken or recommendations made within the scope of the function of such committee, if such committee members act without malice and such*

*action or recommendation is warranted by the facts known to them, after a reasonable effort to obtain said facts.* (Emphasis supplied).

■ Conditional privilege relates to private interests arising from some special relationship. *Fawcett Publications, Inc. v. Morris,* 377 P.2d 42 (Okla.1962). A communication is so privileged if it is made in good faith on any subject matter in which the person communicating has an interest. *Magnolia Petroleum Co. v. Davidson,* 194 Okla. 115, 148 P.2d 468 (1944). At common law privileges were recognized as a means to balance the interests of a person protecting his reputation with certain interests of the defendant, a third person or the public. These interests were perceived to be of enough social importance to warrant some limitations to a plaintiff's right to recover for injury to his reputation.[1]

St. John's and Defendant had a responsibility to protect the public from services by physicians who for any reason might be less than competent doctors. Hospitals must endeavor to secure the most competent and experienced staff for their patients. The hospital in admitting a physician or surgeon to its facilities extends a moral imprimatur to him in the eyes of the public. *Theissen v. Watonga Municipal Hospital Board,* 550 P.2d 938 (Okla.1976).

■ The publication Plaintiff alleges as libelous was a communication between members of the credentials committee of St. John's. At the very least this exchange constituted a conditional privilege. As such, in order to prevail, Plaintiff must show actual malice as an element of his cause of action. *Hammett v. Hunter,* 189 Okla. 455, 117 P.2d 511 (1941). Plaintiff points to no evidence of bad faith or malice in Defendant's answers to the inquiry on behalf of St. John's.

Conditional privilege arises from public policy concerns. Communication in matters concerning the safety and health of the public must be unrestricted. This has been recognized by the Legislature and the Courts.[2] The trial court did not err in sustaining Defendant's motion for summary judgment.

AFFIRMED.

BAILEY, C.J., and REYNOLDS, J., concur.

---

1. *Nelson, Media Defamation in Oklahoma:* A Modest Proposal and New Perspectives—Part 1, 34 Okla.L.Rev. 478 (1981).

2. See 76 O.S.1988 Supp. § 24 et seq, enacted in 1987, effective November 1, 1987. These statutes create a conditional privilege for "a professional review body, members and staff of such professional review body and persons who contract with such professional review body," for any action taken in good faith by that body and for any person who supplies that information "in good faith and with reasonable belief that such information is true."