**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALLEN JONES,

      Plaintiff–Appellant,

v.

RICK ENGLAND, individually; DAN
MUGG, individually; C. EARNEST
WYATT, individually; GEORGE
STEVENS, individually; LEO
FUNDARO, JR., individually; LARRI
SUE JONES, individually,

      Defendants–Appellees.

No. 09-6275
(D.C. No. 5:09-CV-00523-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Plaintiff Allen Jones is the son of Larry Jones, founder of the non-profit

relief organization Feed The Children ("FTC"). In May 2009, Allen filed this

diversity action against defendants, all of whom except Larri Sue Jones are

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

former board members of FTC, alleging defamation per se based on a statement made by Larri Sue at an FTC board meeting.[1] The alleged defamatory statement was recorded in the meeting minutes, which were later attached to a state court petition filed by FTC at the behest of the defendants. The district court dismissed Jones' defamation claim under Federal Rule of Civil Procedure 12(b)(6), concluding that the statement was privileged under Oklahoma law. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Jones' complaint alleges that at the April 11, 2008 FTC board meeting, Larri Sue, who serves as FTC's general counsel, told the board that Jones had been diagnosed as bi-polar. He claims this statement was false and malicious, and was intended to injure his reputation and standing with the board. The statement was recorded in the meeting minutes, which were ratified at the next meeting of the board.

Towards the end of 2008, defendants began to argue with Larry Jones over control of FTC's board of directors. Defendants claim that Larry Jones, fearing the end of his dominance over FTC, improperly and contrary to FTC's bylaws, appointed five of his friends to the board, and then marshalled them to oust the defendants. In an effort to fight this "coup attempt," in February 2009,

---

[1] For clarity's sake, we sometimes refer to members of the Jones family by their given names.

defendants acting through FTC filed a petition for injunctive relief in Oklahoma state court. That petition, which was filed under seal, "demanded a declaratory judgment that the 'ousted' directors [were] in fact [the] valid Board of Directors of [FTC], and that the 'new directors' improperly appointed should be found not to be Directors." The petition also asked the state court to invalidate all action taken by the improperly appointed directors in the name of FTC. Defendants attached to the petition copies of numerous board meeting minutes, including those from April 11, 2008. On February 23, 2009, the state court sua sponte issued an order unsealing the file, and the media quickly published the allegedly defamatory statement. Allen Jones then filed this action, claiming that the defendants' attachment of the April 11, 2008, meeting minutes to the state court petition constituted defamation per se.[2]

**II**

Reviewing the district court's dismissal order de novo, Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010), we agree that the alleged defamatory statement was privileged under Oklahoma law, and that the complaint

---

[2]    As defendants note, Allen Jones actually claims several instances of defamation arising out of Larri Sue's comment, including the initial verbal utterance, the inclusion of the statement in the meeting minutes, the later ratification of those minutes, and the attachment of the minutes to the state court petition. The only issue before us, however, is whether the attachment of the April 11, 2008, meeting minutes to the state court petition can support a defamation claim notwithstanding the absolute immunity accorded by Oklahoma law to statements made in judicial proceedings.

therefore failed to state a claim for defamation. "Oklahoma has long recognized that attorneys, parties and witnesses are immune from defamation and certain other suits where those suits are based upon communications made during or preliminary to judicial proceedings so long as the communication is in some way relevant to the proceeding." State ex rel. Okla. Bar Ass'n v. Dobbs, 94 P.3d 31, 45 (Okla. 2004) (emphasis omitted); see also Okla. Stat. tit. 12, § 1443.1 (codifying privilege). This privilege is absolute; it applies regardless of the defendant's self-interest in making the statement and regardless of malice. Hammett v. Hunter, 117 P.2d 511, 513 (Okla. 1941) (holding that "[n]either malice nor design nor improper response will alter the character of an absolutely privileged communication"). The only relevant inquiry is whether the alleged defamatory communication is "pertinent to the issue being tried." Id. If so, it is immune from attack as defamation. Id.

The minutes from the April 11, 2008 meeting were undeniably pertinent to the state court action. In the state complaint the appellees sought to enjoin Larry Jones' selected directors from carrying on as proper board members of FTC. The state complaint detailed the deterioration of the appellees' relationship with Larry Jones, identifying as the cause their efforts to curtail his and Allen's inappropriate use of FTC funds. Attaching the meeting minutes to their petition served two obvious purposes. First, the minutes served to identify the legitimately elected board members of FTC. Second, the minutes constituted evidence of the board's

-4-

genuine concern about suspicious expenditures by the Jones family, and even more specifically, the board's concern that "Allen's behavior [had] become more destructive toward Feed The Children and its employees." We therefore reject Jones' relevance argument.

We also decline his invitation to rewrite Oklahoma law in this area. Our duty in a diversity case is to "apply state law in accordance with the then controlling decision of the highest state court." Juarez v. United Farm Tools, Inc., 798 F.2d 1341, 1342 (10th Cir. 1986) (internal quotation marks and alteration omitted). We are not at liberty to change applicable state law or to ignore it and adopt a different approach. Pound v. Ins. Co. of N. Am., 439 F.2d 1059, 1063 (10th Cir. 1971). As recently as 2004, the Oklahoma Supreme Court reaffirmed the absolute nature of the immunity doctrine at issue, noting that it renders absolutely privileged otherwise defamatory statements "made <u>during or preliminary to judicial proceedings</u>." <u>Dobbs</u>, 94 P.3d at 45 (emphasis in original). This doctrine may prove unwieldy in the digital age, as Jones strenuously contends. But he cites no authority for this proposition, and we are aware of no case in which the court declined to apply the immunity doctrine simply because the alleged defamatory statement made its way onto the internet.

Jones also challenges the district court's refusal to convert defendants' Rule 12(b)(6) motions into motions for summary judgment despite its consideration of matters beyond the pleadings, including the voluminous exhibits

attached to defendants' state court petition.  This argument lacks merit.

Notwithstanding the general rule prohibiting the consideration of evidence beyond

the pleadings on a motion to dismiss, it is well settled that "the district court may

consider documents referred to in the complaint if the documents are central to

the plaintiff's claim and the parties do not dispute the documents' authenticity."

Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (internal

quotation marks omitted).  The documents considered by the district court here

fall well within these parameters.

## III

For these reasons, and because we conclude the district court acted within

its discretion in denying Allen Jones' Motion for New Trial, the judgment of the

district court is **AFFIRMED**.

Entered for the Court,

Carlos F. Lucero
Circuit Judge