JOHN DOUGLAS, JR. v. PENNAMCO, INC.; OLD REPUBLIC LIFE INSUR-
ANCE COMPANY; FRANKLIN SAVINGS BANK OF NEW YORK; J. WIL-
LIAM ANDERSON; AND CHARLOTTE F. TWYMAN

No. 8414SC672

(Filed 2 July 1985)

**1. Insurance § 43— mortgage payment disability insurance—insurer not liable for delays in payments**

    A mortgage payment disability insurer was not liable for damages caused by foreclosure of the mortgage because of delays in making disability payments to plaintiff where the delays in payment were due to plaintiff's failure properly to document his continued disability, and where plaintiff failed to apply any of the disability payments he received to the mortgage.

**2. Insurance § 42; Unfair Competition § 1— mortgage payment disability insurance—proof of disability each month—no unfair trade practice**

    A mortgage payment disability insurer's requirement that the insured submit proof of his disability each month benefits were applied for did not constitute an unfair and deceptive trade practice in violation of G.S. 58-54.4(11)(d) where the insured's injury was of uncertain duration and subject to improvement.

**3. Mortgages and Deeds of Trust § 39— improper collateral attack on foreclosure**

    Plaintiff's claim against a trustee who processed a mortgage foreclosure based on incorrect or inadequate notice and affidavit of default constituted an impermissible collateral attack on the foreclosure proceeding and judgment.

APPEAL by plaintiff from *McLelland, Judge.* Orders entered 23 January 1984 and 2 February 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 March 1985.

*Gary K. Berman for plaintiff appellant.*

*Manning, Fulton & Skinner, by Charles B. Morris, Jr. and Robert S. Shields, Jr., for defendant appellees Pennamco, Inc., American Savings Bank (Successor to Franklin Savings Bank of New York), and Old Republic Life Insurance Company.*

*Spears, Barnes, Baker, Hoof, Wainio & Holeman, by Marshall T. Spears, Jr., for defendant appellee J. William Anderson.*

PHILLIPS, Judge.

Plaintiff's case against defendants Pennamco, Inc., Old Re-
public Life Insurance Company, and Franklin Savings Bank of

Douglas v. Pennamco, Inc.

New York was dismissed by order of summary judgment. His case against defendant J. William Anderson was dismissed on the pleadings. In our opinion neither judgment was erroneously entered and we affirm them.

The substance of plaintiff's claim is that his home was foreclosed on and his equity therein lost because (a) the defendant insurance company failed to timely pay sums due him under a mortgage payment disability policy and unfairly required him to submit proof of his disability each month; (b) defendant Pennamco, Inc., the mortgage loan administrator, refused to accept late or partial payments; and (c) defendant Franklin Savings Bank of New York, which held the note and deed of trust, defendant Anderson, who was the trustee, and defendant Pennamco, Inc. wrongfully foreclosed on the property.

[1] As to the defendant insurance company the evidence before the trial court showed that: The payments due plaintiff were made in compliance with the policy terms; plaintiff's disability was due to neck and back injuries of unknown duration and such delays in payment as occurred were due to plaintiff's failure to properly document his continued disability, as the policy required. Benefits due under the policy were payable directly to the insured, rather than to the mortgage holder, and though during the many months involved plaintiff received payments from the company amounting to $3,211.80, he applied none of the funds to his mortgage, and was $3,150.36 behind in the payments when foreclosure on the property was begun. From this evidence it is obvious that even if the insurance company had been dilatory in paying the benefits that plaintiff was entitled to, he can justly blame no one but himself for his property being foreclosed on. The law, like the Lord, seldom helps those who refuse to help themselves.

[2] Nor is there any merit in plaintiff's contention that requiring proof of his disability each month benefits were applied for, as the policy permitted, constituted an unfair and deceptive trade practice by the insurance company in violation of G.S. 58-54.4(11)(d). We see nothing unfair in requiring an insured whose injury is of uncertain duration and subject to improvement to show that he is still disabled before paying him further disability benefits. Which is not to say that arbitrarily requiring costly, difficult to

obtain medical reports that are clearly unnecessary and serve no legitimate purpose, as when the insurer already has proof from a doctor, or the circumstances clearly indicate that the insured's disability is not episodic but will extend beyond the current period benefits are applied for, is not an unfair trade practice; we think it clearly is. But such is not this case. Though the application form that Republic provided plaintiff each month had a space on it in which plaintiff's doctor could have stated that the disability would extend beyond the date of the report, no such statement was made and nothing in the record leads us to conclude that the continuing reports were not necessary.

As to plaintiff's claims against defendants Pennamco, Inc. and Franklin Savings Bank, the evidence before the trial judge shows without contradiction that plaintiff was more than $3,000 behind on the note and mortgage payments and these defendants were within their rights in foreclosing on his property.

[3] And plaintiff's claim against defendant J. William Anderson, the trustee who processed the foreclosure, is obviously without merit on its face. The complaint alleges that the foreclosure proceeding, which is over and done with, was irregular because the notice was incorrect or inadequate in certain respects and the affidavit of default was based on hearsay. This is a collateral attack on a foreclosure proceeding and judgment, which the law does not permit. *Robinson v. United States Casualty Co.*, 260 N.C. 284, 132 S.E. 2d 629 (1963). If the foreclosure proceeding was not authorized for any reason or if it was irregularly conducted, it was incumbent on plaintiff to raise that issue in that proceeding either by objection or motion in the cause. *See* Chapter 45, General Statutes of North Carolina; 8 Strong's N.C. Index 3d, *Judgments* § 30 (1977).

Affirmed.

Judges WEBB and MARTIN concur.