FOOD SERVICE SPECIALISTS˜ v. ATLAS RESTAURANT MANAGEMENT

[111 N.C. App. 257 (1993)]

FOOD SERVICE SPECIALISTS, Plaintiff v. ATLAS RESTAURANT MAN-
AGEMENT, INC. & H. RAY MARTINAT, & ROGER SEAGLE, & JAMES
R. SIMPSON, II, Defendants

JAMES R. SIMPSON, II, & ROGER .L. SEAGLE, Third-Party Plaintiffs v.
J. C. FAW, Third-Party defendant

No. 9225SC690

(Filed 20 July 1993)

**Appeal and Error § 205 (NCI4th); Rules of Civil Procedure § 60.2
(NCI3d) — correction of clerical error — date of judgment — time
for notice of appeal**

An appeal was dismissed where a judgment was signed
on 13 December 1991 following a trial, that judgment contained
a clerical error and reflected entry of judgment on 2 October
1991, the trial court sought to correct the judgment on its
own initiative and modified the original judgment on 10
February 1992 to reflect judgment being entered on 21 January
1992, and plaintiff filed notice of appeal on 19 February 1992.
While N.C.G.S. § 1A-1, Rule 60(a) allows the trial court to
correct clerical mistakes, it does not grant the trial court the
authority to make substantive modifications to an entered judg-
ment. By changing the incorrect date of entry of judgment
to a date other than 13 December 1991, the trial court im-
properly altered the substantive rights of the parties by ex-
tending the period in which the parties could file a timely
notice of appeal. Plaintiff's notice of appeal was dismissed as
untimely because the trial court lacked the authority to modify
its judgment to reflect a date of entry other than 13 December
1991.

**Am Jur 2d, Judgments §§ 199, 200, 207.**

Appeal by plaintiff from judgment entered 13 December 1991
in Burke County Superior Court by Judge Beverly T. Beal. Heard
in the Court of Appeals 27 May 1993.

On 4 October 1989, plaintiff, a corporation in the business
of selling food products and other supplies to restaurants, filed
this action pursuant to an account, seeking $55,414.89 from Atlas
Restaurant Management, Inc. and three individual guarantors,
H. Ray Martinat, Roger Seagle, and James R. Simpson, II. The

**FOOD SERVICE SPECIALISTS v. ATLAS RESTAURANT MANAGEMENT**

[111 N.C. App. 257 (1993)]

trial court granted partial summary judgment in favor of plaintiff on the issue of defendants' liability. The case went to trial for a determination of damages, and the jury returned a verdict for plaintiff in the amount of $20,000.

Subsequent to trial, on 13 December 1991, Judge Beal signed the judgment and the judgment was filed 16 December 1991. As a result of a clerical error, the judgment Judge Beal signed on 13 December 1991 was dated incorrectly and reflected entry of judgment as being 2 October 1991 rather than 13 December 1991. The trial court, on its own initiative, sought to correct the judgment's clerical mistake. On 10 February 1992, the trial court modified the original judgment, so as to reflect judgment being entered 21 January 1992. On 19 February 1992, plaintiff filed notice of appeal from the judgment. Subsequently, defendants filed a motion to dismiss in this Court.

*J. Stephen Gray for plaintiff-appellant.*

*Simpson, Aycock, Beyer & Simpson, P.A., by Louis E. Vinay, Jr., for defendant/third party plaintiff-appellee James R. Simpson, II.*

*Bell, Davis & Pitt, P.A., by D. Anderson Carmen, for defendant/third party plaintiff-appellee Roger L. Seagle.*

*Greeson and Grace, P.A., by Michael R. Greeson, Jr., for defendant-appellee J.C. Faw.*

WELLS, Judge.

In a motion before this Court, defendants contend that plaintiff's appeal should be dismissed because plaintiffs failed to give a timely notice of appeal. We agree.

In the case at bar, the trial court made a clerical error as to the date of judgment. The judgment which was entered on 13 December 1991 was dated 2 October 1991. In an attempt to correct this clerical error, ostensibly pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(a) of the North Carolina Rules of Civil Procedure, the trial court modified its judgment by changing the 2 October 1991 entry of judgment date to 21 January 1992. Rule 60 reads, in pertinent part, as follows:

### Rule 60. Relief from judgment or order.

(a) Clerical mistakes.—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own. initiative or on the motion of any party and after such notice, if any, as the judge orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate division, and thereafter while the appeal is pending may be so corrected with leave of the appellate division.

While Rule 60 allows the trial court to correct clerical mistakes in its order, it does not grant the trial court the authority to make substantive modifications to an entered judgment. In *Hinson v. Hinson*, 78 N.C. App. 613, 337 S.E.2d 663 (1985), *review denied*, 316 N.C. 377, 342 S.E.2d 895 (1986), this Court wrote:

The court's authority under Rule 60(a) is limited to the correction of clerical errors or omissions. Courts do not have the power under Rule 60(a) to affect the substantive rights of the parties or correct substantive errors in their decisions. *Ward v. Taylor*, 68 N.C. App. 74, 314 S.E.2d 814, *disc. rev. denied*, 311 N.C. 769, 321 S.E.2d 157 (1984); *Vandooren v. Vandooren*, 27 N.C. App. 279, 218 S.E.2d 715 (1975). We have repeatedly rejected attempts to change the substantive provisions of judgments under the guise of clerical error.

. . .

The relief granted on plaintiff's motion here clearly was substantive in nature and therefore not available under Rule 60(a).

More recently, in *Edwards v. Edwards*, 102 N.C. App. 706, 403 S.E.2d 530, *review denied*, 329 N.C. 787, 408 S.E.2d 518 (1991), this Court stated that Rule 60(a) "allows correction of clerical errors, but does not permit errors of a serious or substantial nature. *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 378 S.E.2d 196 (1989)."

By changing the incorrect date of entry of judgment (2 October 1991) to a date other than 13 December 1991, the actual date judgment was entered, the trial court improperly altered the substantive rights of the parties by extending the period in which the

parties could file a timely notice of appeal. Rule 60(a) does not vest the trial court with such authority.

A proper application of Rule 60(a) would allow amendment to show a 13 December 1991 date of entry. Rule 3(c) of the North Carolina Rules of Appellate Procedure reads in pertinent part:

(c) **Time for Taking Appeal.** Appeal from a judgment or order in a civil action or special proceeding must be taken within 30 days after its entry.

Because the trial court lacked the authority to modify its judgment to reflect a date of entry other than 13 December 1991, plaintiff's 19 February 1992 notice of appeal was not timely. Therefore, plaintiff's appeal must be dismissed.

Dismissed.

Judges COZORT and JOHN concur.