ROBERT COLEMAN PRATT, JR., AND WIFE, JUDITH ELLIS PRATT, PLAINTIFFS V. JACK S. STATON, DEFENDANT

No. COA00-1415

No. COA01-128

(Filed 18 December 2001)

**Appeal and Error— preservation of issues—interlocutory appeal—Rule 60 motion to add certification**

An appeal was dismissed as interlocutory where the trial court's original order was not certified for appellate review pursuant to N.C.G.S. § 1A-1, Rule 54(b) and plaintiffs failed to argue in their brief that delay would deprive them of a substantial right. Although plaintiffs subsequently filed a motion to amend the order pursuant to N.C.G.S. § 1A-1, Rule 60 to add the certification, Rule 60(a) provides a limited mechanism to amend erroneous judgments and is not an appropriate means for seeking an amendment to add a Rule 54(b) certification, and Rule 60(b)(6) applies only to final judgments, orders, or proceedings and has no application to interlocutory orders.

Appeal by plaintiffs from order entered 11 August 2000 (COA00-1415) and appeal by plaintiffs from amended order entered 10 October 2000 (COA01-128) by Judge Loto G. Caviness in Jackson County Superior Court. Heard in the Court of Appeals 8 October 2001.

*McGuire, Wood & Bissette, P.A., by Grant B. Osborne, for plaintiff-appellants.*

*Coward, Hicks & Siler, P.A., by William H. Coward, for defendant-appellee.*

**PRATT v. STATON**

[147 N.C. App. 771 (2001)]

CAMPBELL, Judge.

Plaintiffs filed two interrelated appeals from orders granting defendant's motion to dismiss plaintiffs' claims for violation of restrictive covenants and unfair and deceptive trade practices. Upon plaintiffs' motion, the appeals were consolidated for argument pursuant to N.C. R. App. P. 40. The appeals remain consolidated for decision in this opinion. For the reasons stated herein, we dismiss both of plaintiffs' appeals.

On 3 March 2000, plaintiffs filed the instant action alleging defendant had cut and removed trees from plaintiffs' property in order to create a scenic view from defendant's adjacent tract of property over plaintiffs' property, thereby enhancing the market value of defendant's property and causing substantial damage to plaintiffs' property. Based on defendant's alleged misconduct, plaintiffs asserted claims against defendant for trespass to real property, violation of N.C. Gen. Stat. § 1-539.1, conversion, trespass to chattels, negligence and unfair and deceptive trade practices. Plaintiffs further alleged that defendant had cut down and removed several trees from his own property in violation of the restrictive covenants governing the parties' subdivision.

On 7 July 2000, defendant filed a motion to dismiss plaintiffs' claims for violation of restrictive covenants and unfair and deceptive trade practices. Defendant's motion was granted and the respective claims were dismissed by order filed 11 August 2000. Plaintiffs filed timely notice of appeal from the trial court's order of dismissal. On 22 September 2000, subsequent to filing notice of appeal in COA00-1415, plaintiffs filed a "Motion To Correct Order Dismissing Claims For Relief." Specifically, plaintiffs moved the trial court to amend its 11 August 2000 order by certifying it for immediate appellate review pursuant to N.C. R. Civ. P. 54(b) (Rule 54(b)). On 10 October 2000, the trial court entered an amended order of dismissal which contained the trial court's Rule 54(b) certification. Plaintiffs subsequently filed timely notice of appeal from the trial court's amended order (COA01-128).

The dispositive issue on appeal is whether the respective orders are properly before this Court for review. Although neither party has raised and addressed the interlocutory nature of plaintiffs' appeals, we raise the issue of appealability on our own motion. *See Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). "Where a trial court's order . . . fails to resolve all issues between all parties in an

**PRATT v. STATON**

[147 N.C. App. 771 (2001)]

action, the order is not a final judgment, but rather is interlocutory." *Howard v. Oakwood Homes Corp.*, 134 N.C. App. 116, 118, 516 S.E.2d 879, 881 (1999). An order, such as the orders *sub judice*, granting a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward, is plainly an interlocutory order. *See Thompson v. Newman*, 74 N.C. App. 597, 328 S.E.2d 597 (1985).

As a general rule, an interlocutory order is not immediately appealable. *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999). However, an interlocutory order may be immediately appealed where it is certified for appellate review pursuant to Rule 54(b), or "where delaying the appeal will irreparably impair a substantial right of the party." *Id.* Here, the trial court's 11 August 2000 order granting defendant's motion to dismiss was not certified by the trial court pursuant to Rule 54(b). Thus, it is immediately appealable only if delay would irreparably impair a substantial right of plaintiffs.

However, plaintiffs failed to present argument in their brief to this Court to support our acceptance of this interlocutory appeal.

It is not the duty of this Court to construct arguments for or find support for appellant[s'] right to appeal from an interlocutory order; instead, the appellant[s have] the burden of showing this Court that the order deprives the appellant[s] of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). Since plaintiffs have failed to argue how delaying appeal of the trial court's 11 August 2000 order would deprive them of a substantial right, we dismiss plaintiffs' appeal of the 11 August 2000 order as interlocutory.

Apparently realizing that the trial court's 11 August 2000 order was interlocutory, and hoping to secure its immediate appellate review, plaintiffs filed a motion to correct the order pursuant to N.C. R. Civ. P. 60 (Rule 60), seeking amendment of the order to reflect the trial court's Rule 54(b) certification. Plaintiffs relied on both Rule 60(a) and Rule 60(b)(6) as grounds for their motion to correct the order. However, for the following reasons, we hold that neither Rule 60(a) nor Rule 60(b)(6) is the appropriate tool for seeking to amend an order to add the trial court's Rule 54(b) certification. Therefore,

the trial court's 10 October 2000 amended order is vacated and plaintiffs' appeal in COA01-128 is likewise dismissed.

Rule 60(a) provides a limited mechanism for trial courts to amend erroneous judgments. Specifically, Rule 60(a) provides, in pertinent part:

> (a) Clerical mistakes.—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders. . . .

N.C. R. Civ. P. 60(a) (1999).

"While Rule 60[a] allows the trial court to correct clerical mistakes in its order, it does not grant the trial court the authority to make substantive modifications to an entered judgment." *Food Service Specialists v. Atlas Restaurant Management*, 111 N.C. App. 257, 259, 431 S.E.2d 878, 879 (1993). "A change in an order is considered substantive and outside the boundaries of Rule 60(a) when it alters the effect of the original order." *Buncombe County ex rel. Andres v. Newburn*, 111 N.C. App. 822, 825, 433 S.E.2d 782, 784 (1993). We conclude that the 10 October 2000 amended order impermissibly altered the effect of the 11 August 2000 order.

We find this Court's prior decision in *Food Service* to be closely analogous to the present situation. In that case, the trial court, on its own initiative and purportedly pursuant to Rule 60(a), amended a previous order by changing the date of entry of judgment from 2 October 1991 to 21 January 1992. However, the actual date judgment was entered was 13 December 1991. In holding that this was an improper exercise of Rule 60(a), we stated, "[b]y changing the incorrect date of entry of judgment (2 October 1991) to a date other than 13 December 1991, the actual date judgment was entered, the trial court improperly altered the substantive rights of the parties by extending the period in which the parties could file a timely notice of appeal." *Food Service*, 111 N.C. App. at 259-60, 431 S.E.2d at 879.

We conclude that by adding the trial court's Rule 54(b) certification and establishing grounds for immediate appellate review of an otherwise interlocutory order, the trial court's 10 October 2000 amended order likewise "altered the substantive rights of the parties." *Id.* As in *Food Service*, the amended order in the instant case allowed plaintiffs to circumvent the established procedural rules

governing the bringing of an appeal and secure appellate review of an otherwise unappealable order. Accordingly, we hold that Rule 60(a) is not an appropriate means for seeking an amendment to an order or judgment to add the trial court's Rule 54(b) certification.

Plaintiffs also cited Rule 60(b)(6) as grounds for their motion to correct the 11 August 2000 order. Rule 60(b) reads, in pertinent part:

> (b) Mistakes; inadvertence; excusable neglect; newly dis-covered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representa-tive from a *final* judgment, order, or proceeding for the following reasons:
>
> . . . .

N.C. R. Civ. P. 60(b) (emphasis added). By its express terms, Rule 60(b) only applies to final judgments, orders, or proceedings; it has no application to interlocutory orders. *Sink v. Easter*, 288 N.C. 183, 193, 217 S.E.2d 532, 540 (1975); *O'Neill v. Bank*, 40 N.C. App. 227, 230, 252 S.E.2d 231, 234 (1979). Since the trial court's 11 August 2000 order only granted defendant's motion to dismiss two, but not all, of plain-tiffs' claims, it is not a final judgment or order. Thus, plaintiffs' motion to correct the order could not, as a matter of law, have been proper under Rule 60(b), and the trial court should not have considered the motion. *See Hooper v. Pizzagalli Construction Co.*, 112 N.C. App. 400, 408, 436 S.E.2d 145, 150-51 (1993) (holding that a Rule 60 motion was appropriately denied where it sought relief from an order dis-missing less than all of the claims in an action). Therefore, we vacate the trial court's 10 October 2000 amended order and dismiss plain-tiffs' appeal in COA01-128.

In summary, we dismiss plaintiffs' appeal in COA00-1415, and we vacate the trial court's 10 October 2000 amended order and dismiss plaintiffs' appeal from said vacated order in COA01-128.

Appeals dismissed and order vacated.

Chief Judge EAGLES and Judge HUDSON concur.