Blitz v. Xpress Image, Inc., 2007 NCBC 9

STATE OF NORTH CAROLINA

DURHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05 CVS 679

| | | |
|---|---|---|
| JONATHAN BLITZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>XPRESS IMAGE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

*The Margulis Law Group by Max G. Margulis and J. Blake Norman Attorney-at-Law by J. Blake Norman for Plaintiff Jonathan Blitz, on behalf of himself and all others similarly situated.*

*Cranfill, Sumner & Hartzog, L.L.P. by Houston Foppiano for Defendant Xpress Image, Inc.*

Diaz, Judge.

{1} This matter is before the Court on the Motion of Defendant Xpress Image, Inc. ("Xpress Image") to Dismiss Plaintiff's Appeal (the "Motion"). After considering the Court file, the Motion, and the Motion's exhibits, the Court **GRANTS** the Motion without prejudice to the Plaintiff's right to pursue his appeal after a final judgment in this case.

**I.**

**FACTUAL BACKGROUND**

{2} Plaintiff Jonathan Blitz ("Blitz") resides in Durham County, North Carolina. (Compl. ¶ 1.)

{3} Xpress Image is a corporation organized in North Carolina with its principal place of business in Mebane. (Compl. ¶ 2.) Xpress Image produces apparel and other promotional merchandise with corporate logos. (Compl. ¶ 4.)

{4}     This action arises out of alleged violations of the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.S. § 227 (LexisNexis 2006), which, *inter alia*, prohibits the transmission of "unsolicited advertisements" to fax machines.  Blitz seeks certification on behalf of a class alleging that Xpress Image violated the TCPA when its agent faxed thousands of single-page unsolicited advertisements regarding Defendant's services to residents and businesses in the 919 and 336 area codes.  Pursuant to the TCPA, Blitz seeks $500.00 in statutory damages for each member of the putative class, statutory treble damages based on allegations that the violations were willful or knowing, and injunctive relief.  (Compl. Prayer for Relief ¶¶ 2-3.)

## II.

## PROCEDURAL BACKGROUND

{5}     Blitz filed his Class Action Complaint (the "Complaint") in Durham County Superior Court on 11 February 2005.

{6}     The case was transferred to the North Carolina Business Court and assigned to me as an exceptional matter by order of the Chief Justice of the North Carolina Supreme Court dated 3 October 2005.

{7}     On 4 November 2005, this Court ordered that discovery in this matter be completed by 30 December 2005 and set deadlines for the filing of briefs on the issue of class certification.

{8}     The parties proceeded with two rounds of discovery.  On 29 December 2005, one day before the discovery deadline, Blitz filed a Motion to Compel Discovery (the "Motion to Compel"), demanding that Xpress Image respond to certain discovery requests contained in Blitz's Second Set of Interrogatories and Request for Production of Documents.  Thereafter, the

Court extended the time for completion of discovery until 15 February 2006 so that the Court could hear Blitz's Motion to Compel.

{9}    Xpress Image filed a Response to the Motion to Compel on 7 February 2006. The Court scheduled the Motion to Compel for hearing by telephone on 10 February 2006.

{10}    During the telephone hearing, Blitz withdrew the Motion to Compel and advised the Court that he would be seeking to further extend the discovery deadline and amend the Complaint to re-define the putative class. The Court instructed Blitz to: (a) file a motion showing good cause for extending discovery beyond the 15 February 2006 deadline, and (b) seek such relief before the expiration of the deadline. Blitz failed to do either, and on 22 February 2006, Xpress Image filed a motion seeking to close discovery and proceed to a determination of class certification.

{11}    On 27 February 2006, the Court entered an order providing that discovery in this case was deemed closed as of 15 February 2006 and setting new deadlines for the filing of briefs on the issue of class certification.

{12}    On 17 March 2006, the parties filed their Motions and Memoranda of Law Supporting and Opposing Class Certification. On 3 April 2006, Xpress Image filed a Motion to Strike and Response to Blitz's Motion for Class Certification.[1] On 4 April 2006, Blitz filed a Response Memorandum in Support of the Motion for Class Certification.

{13}    On 6 April 2006, Blitz filed a Motion to Re-Open Discovery, proposing a third round of Interrogatories, Requests for Admissions, and a Rule 30(b)(6) deposition of Xpress Image's corporate representative. On 7 April 2006, Xpress Image filed its response to this motion.

---

[1] Plaintiff's Motion for Class Certification was supported by the affidavit of Robert Biggerstaff. Defendant sought to strike the affidavit on the grounds that: (a) Blitz failed to designate Biggerstaff as an expert, and (b) Biggerstaff's affidavit was replete with incompetent legal opinions. In the Order on Blitz's Motion for Class Certification, the Court, in a footnote, denied Xpress Image's Motion to Strike.

{14}  On 25 April 2006, the Court entered an order denying the Motion to Re-Open Discovery for Blitz's failure to demonstrate good cause for the requested relief.

{15}  The Court entered an order denying Blitz's Motion for Class Certification on 23 August 2006 (the "Original Order").  The Court later entered an Amended Order on Blitz's Motion for Class Certification (the "Amended Order") to correct two typographical errors.

{16}  The Notice of Entry automatically generated by the Business Court's electronic filing and service system was transmitted on 23 August 2006 with regard to the Original Order and on 25 August 2006 with regard to the Amended Order.[2]

{17}  Blitz filed his Notice of Appeal from the Order on the Motion to Re-Open Discovery and the Amended Order on 25 September 2006.

{18}  As of 7 December 2006, Blitz had not:  (a) ordered a transcript of the hearing on his Motion for Class Certification, (b) contacted Xpress Image regarding settlement of the record on appeal, or (c) served Xpress Image with a proposed record on appeal.  (Taylor Aff. ¶¶ 3-5.)

{19}  Under Rule 25(a) of the North Carolina Rules of Appellate Procedure (the "Rules of Appellate Procedure"),[3] Xpress Image filed its Motion to Dismiss Plaintiff's Appeal on 8 December 2006.

{20}  Blitz purported to withdraw his appeal from the Amended Order on 21 February 2007.[4]

---

[2] The Amended Order was faxed to counsel on 24 August 2006, (*see* Def.'s Mot. to Dismiss Pl.'s Appeal Ex. B), and posted as an opinion on the Business Court website on 25 August 2006, (*see* James Aff. ¶ 4).

[3] Rule 25(a) of the Rules of Appellate Procedure states:

> If after giving notice of appeal from any court . . . the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed.  Prior to the filing of an appeal in an appellate court motions to dismiss are made to the court . . . from which appeal has been taken[.]

N.C. R. App. P. 25(a) (2006).  An appeal is filed in an appellate court when the record on appeal has been filed with the clerk of the court to which the appeal is taken.  N.C. R. App. P. 12(a) (2006).

[4] The Court notes that, effective 1 March 2007, the North Carolina Supreme Court amended Rule 37 of the Rules of Appellate Procedure.  This amendment, which does not apply to this case, provides an avenue for an appellant to file notice of withdrawal of an appeal.  *See* Order Adopting Amendments to the North Carolina Rules of Appellate Procedure (Nov. 16, 2006), *available at* http://www.aoc.state.nc.us/www/public/aoc/AmendedRules-1-29-07.pdf.

## III.

## CONCLUSIONS OF LAW

## A.

## STANDARDS FOR TAKING AN INTERLOCUTORY APPEAL

{21}    An "appeal may be taken from every judicial order or determination of a judge of a superior or district court . . . which affects a substantial right claimed in any action or proceeding."  N.C. Gen. Stat. § 1-277 (2006).

{22}    An interlocutory order is appealable if it affects a substantial right and will work injury to an appellant if not corrected before final judgment.[5]  *Wachovia Realty Invs. v. Housing, Inc.*, 292 N.C. 93, 100, 232 S.E.2d 667, 672 (1977).

{23}    A party whose substantial rights have been affected by an interlocutory order is:

> not required to immediately appeal the trial court's determination.  The appeals process is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment.  As a result, interlocutory appeals are discouraged except in limited circumstances.  The language of N.C.G.S. § 1-277 is permissive not mandatory.  Thus, where a party is entitled to an interlocutory appeal based on a substantial right, that party may appeal but is not required to do so.

*Dep't of Transp. v. Rowe*, 351 N.C. 172, 176, 521 S.E.2d 707, 709-10 (1999) (internal citations and quotations omitted).

---

[5] The Amended Order on the Motion for Class Certification affects a substantial right of the potential class members and is therefore immediately appealable. *See Perry v. Cullipher*, 69 N.C. App. 761, 762, 318 S.E.2d 354, 356 (1984).  Orders denying discovery, on the other hand, affect a substantial right only if "the desired discovery would not have delayed trial or caused the opposing party any unreasonable annoyance, embarrassment, oppression or undue burden or expense, and if the information desired is highly material to a determination of the critical question to be resolved in the case . . . ." *Dworsky v. Travelers Ins. Co.*, 49 N.C. App. 446, 447-48, 271 S.E.2d 522, 523 (1980) (citations omitted).  The Court has not uncovered any North Carolina authority holding that denial of a motion to re-open discovery affects a substantial right, and it is not the province of this Court to make such a determination. *See Estrada v. Jaques*, 70 N.C. App. 627, 639-40, 321 S.E.2d 240, 248-49 (1984) ("The title and first and third sentences [of Rule 25 of the Rules of Appellate Procedure] clearly indicate that the motions described in the second sentence are only those for failure to comply with the Rules of Appellate Procedure or with court orders requiring action to perfect the appeal. . . . Therefore, ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court.").  Regardless of whether the Order on the Motion to Re-Open Discovery affects a substantial right, however, the result here is the same.

{24} The Rules of Appellate Procedure, on the other hand, are mandatory, *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979) (citing *Jim Walter Corp. v. Gilliam*, 260 N.C. 211, 132 S.E.2d 313 (1963)), and failure to comply with them frustrates the review process and subjects the appeal to dismissal. N.C. R. App. P. 25 (2006); *Steingrass v. Steingrass*, 350 N.C. 64, 69, 511 S.E.2d 298, 301 (1999).

{25} Dismissal of an appeal from an interlocutory order for failure to comply with the Rules of Appellate Procedure, however, does not prejudice an appellant's right to notice the appeal again after a final judgment in the case. *See Buchanan v. Rose*, 59 N.C. App. 351, 352, 296 S.E.2d 508, 509 (1982) (dismissing appeal from interlocutory order and stating "the case can proceed to trial with the loser there having a right of appeal to [the Court of Appeals]."); *see also Crotts v. Fletcher Motor Co.*, 219 S.C. 204, 214, 64 S.E.2d 540, 544 (1951) ("It is quite true that an interlocutory appeal may be taken to [an appellate court] from an order overruling a demurrer, but the failure to make *or perfect* such an appeal does not affect the right of [an appellate court] to review the matter in connection with an appeal from the final judgment." (emphasis added)).

{26} Finally, the fact that a party to an action notices and later withdraws an appeal will not prevent that party from renewing it provided he does so within the time prescribed by law for perfecting appeals. *State v. Chastain*, 104 N.C. 900, 905, 10 S.E. 519, 520 (1889).

**B.**

**MOTION TO DISMISS APPEAL**

{27} Xpress Image argues that Blitz's appeal should be dismissed because Blitz failed to: (a) file his Notice of Appeal within the time limits prescribed by Rule 3(c) of the Rules of Appellate Procedure; and (b) either order a transcript under Rule 7 of the Rules of Appellate Procedure or

settle the record on appeal under Rule 11 of the Rules of Appellate Procedure. (Def.'s Mot. to Dismiss Pl.'s Appeal 2-6.)

{28}  The Court addresses each of these arguments in turn.

**1.**

**FAILURE TO FILE TIMELY NOTICE OF APPEAL**

**a.**

**APPLICABLE STANDARD**

{29}  Under Rule 3(c) of the Rules of Appellate Procedure, "a party must file and serve a notice of appeal . . . within 30 days after entry of judgment . . . ." N.C. R. App. P. 3(c) (2006).

{30}  "In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure." *Bailey v. N.C. Dep't of Revenue*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) (citing *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 402 S.E.2d 407 (1991)). "The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal." *Id.* (citing *Abels v. Renfro Corp.*, 126 N.C. App. 800, 486 S.E.2d 735 (1997)).

{31}  Under Business Court Rule 6.11:

> The Court shall file electronically all orders, decrees, judgments, and proceedings of the Court, and all other docket matters, which shall constitute entry of the order, decree, judgment, or proceeding on the Court's Docket, pursuant to applicable law and procedure. . . . Immediately upon the entry of such matter on the Docket, the Court shall transmit to each e-mail address of record a notice of the entry. Transmission of such Notice of Entry shall constitute service pursuant to N.C. R. Civ. P. 58.

BCR 6.11 (2006).

{32}    Rule 60(a) of the North Carolina Rules of Civil Procedure states, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders."  N.C. Gen. Stat. § 1A-1, Rule 60(a) (2006).

**b.**

## APPEAL FROM THE ORDER ON THE MOTION
## TO RE-OPEN DISCOVERY

{33}    The Court denied Blitz's Motion to Re-Open Discovery on 25 April 2006, and Blitz did not take his appeal from that order until 25 September 2006.

{34}    By any stretch of the imagination, Blitz filed his appeal as to this issue well outside of the 30-day window contemplated by Rule 3(c) of the Rules of Appellate Procedure.

{35}    Accordingly, the Court **GRANTS** Xpress Image's Motion to Dismiss Blitz's Appeal with regard to Blitz's interlocutory appeal from the Order on the Motion to Re-Open Discovery.

**c.**

## APPEAL FROM THE AMENDED ORDER ON THE MOTION
## FOR CLASS CERTIFICATION

{36}    Pursuant to BCR 6.11, the Court entered the Original Order on 23 August 2006.

{37}    Pursuant to Rule 60(a) of the North Carolina Rules of Civil Procedure, the Court entered the Amended Order to correct two typographical errors.[6]

{38}    The Notice of Entry automatically generated by the Business Court's electronic filing and service system was transmitted on 23 August 2006 with regard to the Original Order and on 25

---

[6] Under Rule 60(a), clerical mistakes in judgments and orders may be "corrected by the judge at any time."  N.C. Gen. Stat. § 1A-1, Rule 60(a).  During the pendency of an appeal, however, clerical mistakes may be corrected "before the appeal is docketed in the appellate division, and thereafter . . . with leave of the appellate division."  *Id.*  Here, the Court entered the Amended Order 31 days before Blitz filed his Notice of Appeal.

August 2006 with regard to the Amended Order. Thus, the Original Order was "entered" on 23 August 2006, and the Amended Order was "entered" on 25 August 2006. *See* BCR 6.11 (2006).

{39} Blitz filed his Notice of Appeal from the Amended Order on 25 September 2006, the final day in which he could file his appeal from the Amended Order within the time limits of Rule 3(c) of the Rules of Appellate Procedure, but three days after the deadline for filing an appeal from the Original Order. *See* N.C. R. App. P. 3(c), 27(a) (2006).

{40} The Court does not have the power under Rule 60(a) of the North Carolina Rules of Civil Procedure to extend the period for filing a timely notice of appeal. *Food Serv. Specialists v. Atlas Rest. Mgmt., Inc.*, 111 N.C. App. 257, 259-60, 431 S.E.2d 878, 880 (1993). Thus, the issue here is whether the Original Order or the Amended Order is the relevant filing for purposes of Rule 3(c) of the Rules of Appellate Procedure.

{41} The Court need not decide that issue, however, because, as discussed below, there are ample alternative grounds for granting Xpress Image's Motion to Dismiss Blitz's interlocutory appeal from the Amended Order on the Motion for Class Certification.

**2.**

**FAILURE TO SETTLE RECORD ON APPEAL**

{42} Under Rule 7 of the Rules of Appellate Procedure:

> Within 14 days after filing the notice of appeal the appellant shall arrange for the transcription of the proceedings . . . [and] shall file the written documentation of this transcript arrangement with the clerk of the trial tribunal, and serve a copy of it upon all other parties of record, and upon the person designated to prepare the transcript.

N.C. R. App. P. 7(a)(1) (2006).

{43} Under Rule 11 of the Rules of Appellate Procedure:

> Within 35 days after the reporter's . . . certification of delivery of the transcript

9

. . . or 35 days after filing of the notice of appeal if no transcript as ordered, the parties may by agreement entered in the record on appeal settle a proposed record on appeal prepared by any party in accordance with Rule 9 as the record on appeal. . . . If the record on appeal is not settled by agreement . . . the appellant shall, within the same times provided, serve upon all other parties a proposed record on appeal . . . .

N.C. R. App. P. 11 (2006).

{44} As of 7 December 2006, Blitz had not ordered a transcript of the hearing on his Motion for Class Certification, contacted Xpress Image regarding settlement of the record on appeal, or served Xpress Image with a proposed record on appeal. (Taylor Aff. ¶¶ 3-5.) Blitz's failure to take such actions makes his appeal ripe for dismissal pursuant to Rule 25(a) of the Rules of Appellate Procedure.

{45} Accordingly, the Court **GRANTS** Xpress Image's Motion to Dismiss as to Blitz's interlocutory appeal from the Amended Order on the Motion for Class Certification.

## CONCLUSION

{46} As discussed above, a litigant need not appeal from an interlocutory order until after a final judgment, *see Rowe*, 351 N.C. at 176, 521 S.E.2d at 709-10, and dismissal of an appeal from an interlocutory order for failure to comply with the Rules of Appellate Procedure does not bar an appellant from noticing the appeal again after a final judgment in the case. *See Buchanan*, 59 N.C. App. at 352, 296 S.E.2d at 509; *see also Crotts*, 219 S.C. at 214, 64 S.E.2d at 544.

{47} Accordingly, the Court's dismissal of Blitz's appeal shall be ***without prejudice*** to Blitz's right to re-notice his appeal after a final judgment in this case.

**SO ORDERED**, this the 13th day of April, 2007.

10