An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-328
NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

BRANCH BANKING AND TRUST
COMPANY,
    Plaintiff,

v.                                      New Hanover County
                                        No. 13 CVS 996
BRIAN KEITH KEESEE and BRIAN
KEITH KEESEE CONSTRUCTION,
INC.,
    Defendants.


Appeal by defendants from order entered 10 October 2013 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 10 September 2014.


*McGuire Woods LLP., by John H. Anderson, Jr. and Pamela J. Butler, for plaintiff.*

*Shanklin & Nichols, LLP., by Kenneth A. Shanklin and Matthew A. Nichols, for defendant.*


ELMORE, Judge.

Brian Keith Keesee and Brian Keith Keesee Construction, Inc. (collectively defendants), appeal from an order entered on 10 October 2013 granting Branch Banking and Trust Company's (plaintiff) motions to dismiss defendants' counterclaims and

strike certain affirmative defenses. After careful consideration, we affirm.

## I. Facts

In 2004, defendants obtained numerous commercial construction loans with plaintiff totaling in excess of nine million dollars through the execution of twenty commercial promissory notes currently owned and held by plaintiff. Defendants secured their obligation to repay the notes with one deed of trust from defendant Brian Keesee and another from defendant Keesee Construction, Inc. (collectively "deeds of trust"). Both deeds of trust conveyed real property located in Brunswick County to plaintiff. Defendants defaulted on certain promissory notes (the notes) by failing to make required payments of interest and principal when due. Plaintiff thereafter filed special proceedings in Brunswick County seeking orders to allow foreclosure of the collateral securing the notes. In orders entered 17 May 2012, the Brunswick County Assistant Clerk of Superior Court (the clerk) concluded that H. Kenneth Stephens, II (the substitute trustee), was "authorized to exercise the power of sale contained in the Deed of Trust executed by Brian Keith Keesee Construction, Inc. [and Brian Keith Keesee] . . . and to proceed with foreclosure[s] under the

terms of such Deed[s] of Trust in accordance with the laws of the State of North Carolina." The foreclosure sales were completed on 10 September 2012 and 10 October 2012, and the clerk entered her final reports and accounts of the foreclosure sales (final reports and accounts) on 21 September 2012 and 29 October 2012. At no point prior to the clerk's entry of the final reports and accounts did defendants object to the sale or attempt to enjoin the foreclosures pursuant to N.C. Gen. Stat. § 45-21.34.

After the clerk approved the final reports and accounts, plaintiff applied the proceeds of the foreclosure sales to the outstanding balance on the notes. On 6 March 2013, plaintiff filed a complaint to recover the remaining balance of approximately $6,500,000 still due on the notes.

In response, defendants filed six counterclaims: 1.) A declaratory judgment action pursuant to N.C. Gen. Stat. § 1-253 *et seq.,* seeking "judicial determinations of its rights, remedies and relief with respect to the purported [deeds of trust]" because plaintiff and its substitute trustee handled each foreclosure unlawfully; 2.) A request that the trial court declare the foreclosures to be null and void; 3.) An allegation of wrongful foreclosure because plaintiff, in the foreclosure

proceedings, violated the terms of the deeds of trust, the notes, and provisions of North Carolina law; 4.) An allegation that plaintiff's conduct during the foreclosure proceedings clogged "the equity of redemption in each parcel of real estate" and resulted in damages in excess of $10,000; 5.) An assertion that defendants were entitled to a common law accounting from plaintiff for all loan transactions between plaintiff and defendants referenced in plaintiff's complaint; 6.) An allegation that pursuant to N.C. Gen. Stat. § 45-21.36, plaintiff was obligated to account for the fair value of the property at the time and place of the foreclosure sales, and plaintiff's failure to do so precluded any judgment against defendants.

Defendants also asserted several affirmative defenses. In their third affirmative defense, defendants stated that they were not provided adequate notice of the foreclosure proceedings as required by N.C. Gen. Stat. § 45-21.16. The fourth affirmative defense alleged that notice of the foreclosure hearings to the guarantors was insufficient. Finally, the sixteenth defense stated that plaintiffs violated the statutory requirements of the foreclosure statute (Chapter 45 of North Carolina's General Statutes).

Plaintiff filed motions to dismiss all of defendants' counterclaims and strike affirmative defenses #3, 4, and 16. After a hearing on said motions, Judge W. Allen Cobb, Jr. entered an order on 10 October 2013 granting plaintiff's motions. Defendants timely appeal.

## II. Analysis

### a.) Interlocutory Appeal

We first address whether we should dismiss defendant's appeal as interlocutory.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). An order that grants "a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward, is plainly an interlocutory order." *Pratt v. Staton*, 147 N.C. App. 771, 773, 556 S.E.2d 621, 623 (2001). Similarly, our rules ordinarily preclude "an appeal from an order striking or denying

a motion to strike allegations contained in pleadings." *Faulconer v. Wysong & Miles Co.*, 155 N.C. App. 598, 600, 574 S.E.2d 688, 690-91 (2002) (citation and internal quotation marks omitted).

However, immediate appeal of an interlocutory order is available when it "affects a substantial right[.]" *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999). Our Supreme Court has noted that "the right to avoid the possibility of two trials on the same issues can be such a substantial right." *Bockweg v. Anderson*, 333 N.C. 486, 490-91, 428 S.E.2d 157, 160 (1993) (citation and internal quotation marks omitted). The possibility of a second trial "affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982).

This appeal is clearly interlocutory because the trial court will be required to address plaintiff's claims to resolve the entire controversy notwithstanding the dismissal and striking of defendants' counterclaims and some of their affirmative defenses. However, a substantial right is affected

in this case because should we dismiss this appeal as interlocutory, defendants would be required to proceed to trial upon plaintiff's claims seeking approximately $6,500,000. A critical component of a judgment in this case is the valuations of the numerous real properties foreclosed upon by plaintiff in the foreclosure proceedings. If defendants later appeal the trial court's dismissal of their counterclaims and striking of their affirmative defenses, and we rule that the trial court erred, then a second trial on defendants' counterclaims could occur. These counterclaims, in part, require a factual evaluation and determination by a jury of the values of the real estate foreclosed upon. Thus, a second trial could result in an inconsistent jury decision on overlapping issues. Accordingly, we hold that the interlocutory appeal affects a substantial right and address the merits of defendants' arguments.

## b.) Counterclaims #1-5

Defendants argue that the trial court erred in granting plaintiff's motion to dismiss their counterclaims. We disagree.

> The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). A dismissal pursuant to Rule 12(b)(6) is appropriate when "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cnty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).

N.C. Gen. Stat. § 45-21.16(d) (2013) gives the clerk judicial authority to authorize a foreclosure proceeding under a power of sale. Any argument that the foreclosure proceeding was unauthorized or conducted improperly is "incumbent on [the party] to raise that issue in that proceeding either by objection or motion in the cause." *Douglas v. Pennamco, Inc.*, 75 N.C. App. 644, 646, 331 S.E.2d 298, 300 (1985). A party seeking to appeal an order or judgment entered by the clerk

"may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a trial or hearing de novo. The order or judgment of the clerk remains in effect until it is modified or replaced by an order or judgment of a judge." N.C. Gen. Stat. § 1-301.1 (2013). Moreover, "the clerk's order is binding and [a party] [is] estopped from arguing those same issues" if no timely appeal from the clerk's order occurred. *Phil Mech. Const. Co., Inc. v. Haywood*, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985).

On 17 May 2012 the clerk entered two orders concluding that plaintiff was the owner and holder of the notes, the notes held by plaintiff were valid debts, defendants defaulted on the notes and deeds of trust, the substitute trustee had the right to foreclose, and proper notice of the hearing was provided to all required parties.

Defendant's first four counterclaims (declaratory judgment, voiding the foreclosures, wrongful foreclosures, and lender liability), each seek relief based on impropriety of the foreclosure proceedings. However, defendants did not argue these issues during the foreclosure proceedings or timely appeal the clerk's order. Thus, defendants are precluded from now challenging issues arising from the foreclosure proceedings.

Accordingly, the trial court did not err by dismissing defendants' counterclaims.

Moreover, defendants' first four counterclaims are barred by *res judicata* because of an order entered 14 February 2013 by Judge Reuben F. Young in Brunswick County Superior Court. *Res judicata*, also known as claim preclusion, bars "the relitigation of all matters . . . that were or should have been adjudicated in the prior action." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citation and internal quotation marks omitted). The party seeking to assert *res judicata* has the burden of establishing its elements. *Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 679, 657 S.E.2d 55, 62 (2008). A party must show "(1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits" in order to prevail on a theory of *res judicata*. *Herring v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 188 N.C. App. 441, 444, 656 S.E.2d 307, 310 (2008) (citation and quotation marks omitted).

Judge Young entered an order in response to plaintiff's Motion to Cancel Defendants' Notice of *Lis Pendens*. The parties in that action were plaintiff and defendants. Judge Young

granted plaintiff's motion, ruling, in part, that the Notice of *Lis Pendens* was not authorized by law. He also ruled that because defendants failed to appeal from the clerk's order granting power of sale and "further failed to bring an action to enjoin the foreclosure sales under N.C. Gen. Stat. § 45-21.34 before the foreclosure sales were finalized," the clerk's orders are "binding *res judicata*, and [defendants] are estopped in this action from arguing any of the statutory considerations set forth . . . *and from challenging [plaintiff's] right to obtain title to the Collateral through the statutory foreclosure process*." (emphasis added). Defendants never appealed Judge Young's order.

Thus, plaintiff's Motion to Cancel Defendants' Notice of *Lis Pendens* resulted in a final order on the merits, the subject matter in that motion and the complaint in the present case both arise from defendants' attempt to prevent plaintiff from obtaining title to the collateral due to alleged improprieties in the foreclosure proceedings, and both actions involve identical parties. Thus, in addition to the clerk's order, Judge Young's order also bars defendants from asserting their first four counterclaims.

We also note that defendants fail to articulate any argument in their brief related to the trial court's alleged error in dismissing their fifth counterclaim. Thus, defendants have abandoned appellate review of that issue pursuant to the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 28(a).

## c.) Clogging the Equity of Redemption

Defendants also argue that the trial court erred in dismissing the equitable portion of their fourth counterclaim. We disagree.

An equitable claim contesting a foreclosure sale must "be asserted in an action to enjoin the foreclosure sale under G.S. 45-21.34." *In re Foreclosure Under That Deed of Trust Executed by Azalea Garden Bd. & Care, Inc.*, 140 N.C. App. 45, 57, 535 S.E.2d 388, 396 (2000) (citations and internal quotation marks omitted). N.C. Gen. Stat. § 45-21.34 (2013) states:

> Any owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed pursuant to G.S. 45-21.29A to enjoin such sale, upon the ground that the amount bid or price offered therefor [sic] is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which

> the court may deem sufficient[.]

(emphasis added).  Generally, a party's rights to a foreclosure sale become fixed at the "expiration of the period for filing an upset bid[.]" *Goad v. Chase Home Fin., LLC*, 208 N.C. App. 259, 263, 704 S.E.2d 1, 4 (2010).  The time period for filing an upset bid lapses if it "is not filed [within ten days] following a sale, resale, or prior upset bid[.]"  N.C. Gen. Stat. § 45-21.29A (2013).

The fourth counterclaim, in part, alleges that the plaintiff's conduct during the foreclosure proceedings clogged "the equity of redemption in each parcel of real estate[.]"

Defendants rely on *Swindell v. Overton* to support their argument that N.C. Gen. Stat. § 45-21.34 does not bar their equitable claims after the completion of a foreclosure sale. 310 N.C. 707, 712, 314 S.E.2d 512, 516 (1984). In *Swindell*, our Supreme Court held that a party was "allowed to challenge the clerk's confirmation of a foreclosure sale by an independent [equitable] action under circumstances hereinafter set forth." *Id*.  Importantly, the circumstances in *Swindell* are distinguishable from the case at bar because in *Swindell*, a party objected to a foreclosure sale and sought to enjoin the resale of foreclosed property by informing the clerk of its

intent to file a restraining order before the clerk actually entered her order confirming the foreclosure resale. *Id.* at 709, 314 S.E.2d at 514.

Defendants in the instant case, however, never objected to the foreclosure sales before the clerk entered her order confirming the foreclosure sales. Moreover, the record is devoid of any evidence that defendants exercised their rights to enjoin the foreclosures on equitable grounds within the prescribed time period required by N.C. Gen. Stat. § 45-21.29A. Accordingly, the equitable ground presented in defendants' counterclaim fails.

**e.) Counterclaim #6:**

Defendants argue that the trial court erred in dismissing their sixth counterclaim. This counterclaim alleges that plaintiff failed to account for the fair value of the property at the time of the foreclosure sales in violation of N.C. Gen. Stat. § 45-21.36. We disagree.

N.C. Gen. Stat. § 45-21.36 (2013) states:

> When any sale of real estate has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured

> obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, **it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset, but not by way of counterclaim**, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part[.]

(emphasis added). Here, plaintiff filed a deficiency action against defendants to recover the remaining balance of approximately $6,500,000 due on the notes after completion of the foreclosure sales. Pursuant to the plain language of the statute above, defendants were required to allege the accounting issue as an affirmative defense. Instead, defendants asserted a counterclaim alleging that the amounts bid for the properties at the foreclosure sales were less than their fair value. Thus, defendant's counterclaim #6 is improper as a matter of law, and the trial court properly dismissed this claim.

**f.) Affirmative Defenses #3, 4, 16**

Defendants also argue that the trial court erred in striking their third, fourth, and sixteenth affirmative defenses. We disagree.

Pursuant to North Carolina Rule of Civil Procedure 12(f), a trial court "may order stricken from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter." N.C. R. Civ. P. § 1A-1, Rule 12. An affirmative defense "should not be stricken unless it has no possible bearing upon the litigation. If there is any question as to whether an issue may arise, the motion to strike should be denied." *Reese v. Charlotte-Mecklenburg Bd. of Educ.*, 196 N.C. App. 539, 556, 676 S.E.2d 481, 492 (2009) (citations and quotation marks omitted). A trial court's ruling on a motion to strike will not be disturbed on appeal "absent an abuse of discretion." *Id.*

Each of defendants' affirmative defenses (inadequate notice and violation of the North Carolina foreclosure statute) are premised in the alleged irregularities of the foreclosure proceedings. However, in her orders allowing the foreclosure sales, the clerk concluded that "[p]roper notice of hearing was given to all of those parties entitled to such notice under North Carolina General Statute § 45-21.16." She further authorized the substitute trustee to "exercise the power of sale . . . in accordance with the laws of the State of North Carolina." Thus, defendants' affirmative defenses are

immaterial according to Rule 12(f) because defendants neither raised these issues at the foreclosure proceedings nor appealed the clerk's orders.

Their affirmative defenses are also barred by *res judicata* in light of Judge Young's order since plaintiff's Motion to Cancel Defendants' *Notice of Lis Pendens* resulted in a final order on the merits, the subject matter asserted in the affirmative defenses and that motion arise from defendants' attempt to attack the legality of the foreclosure proceedings, and both actions involve identical parties. Accordingly, the trial court did not err by dismissing defendants' third, fourth, and sixteenth affirmative defenses.

## III. Conclusion

In sum, the trial court neither erred by granting plaintiff's motion to dismiss all of defendants' counterclaims nor by granting plaintiff's motion to strike defendants' third, fourth, and sixteenth affirmative defenses. Accordingly, we affirm the trial court's order.

Affirmed.

Judges CALABRIA and STEPHENS concur.

Report per Rule 30(e).